# EXHIBIT A



**Chubb Group of Insurance Companies**

15 Mountain View Road, Warren, New Jersey 07059

**DECLARATIONS (**
**EXECUTIVE LIABILITY AND**
**INDEMNIFICATION POLICY**

ITEM 1.   Parent Organization (Name and Address):

MBIA, INC.
c/o C T Corp System, One Commercial Plaza
Hartford, CT 06103

Policy Number: 7023-4658

**FEDERAL INSURANCE COMPANY**
Incorporated under the laws of Indiana, a stock
insurance company, herein called the Company
Capital Center, 251 North Illinois, Suite 1100
Indianapolis, IN 46204-1927

---

THIS IS A CLAIMS MADE POLICY. EXCEPT AS OTHERWISE PROVIDED HEREIN, THIS POLICY COVERS ONLY CLAIMS FIRST MADE AGAINST THE INSURED PERSONS DURING THE POLICY PERIOD. THIS POLICY DOES NOT PROVIDE FOR ANY DUTY BY THE COMPANY TO DEFEND THOSE INSURED UNDER THE POLICY. PLEASE READ CAREFULLY.

ITEM 2.   Limits of Liability:

| | | | |
|---|---|---|---|
| (A) | Each Loss | $ | 15,000,000 |
| (B) | Aggregate Limit of Liability Each Policy Period | $ | 15,000,000 |

NOTE:   THE LIMITS OF LIABILITY AND ANY DEDUCTIBLE AMOUNTS ARE REDUCED OR EXHAUSTED BY DEFENSE COSTS.

ITEM 3.   Coinsurance Percent:                     0.00%

ITEM 4.   Deductible Amounts:

| | | | | |
|---|---|---|---|---|
| Insuring Clause 1 | (A) | $ | 0.00 | Each Insured Person |
| | (B) | $ | 0.00 | All Insured Persons |
| Insuring Clause 2 | (C) | $ | 2,500,000.00 | Executive Indemnification |

ITEM 5.   Policy Period:   from:   12:01 a.m. on February 15, 2004
                                       to:   12:01 a.m. on February 15, 2005
                                       Local time at the address shown in ITEM 1.

ITEM 6.   Extended Reporting Period:

| | | |
|---|---|---|
| (A) | Additional Premium: | $743,750 |
| (B) | Additional Period: | 1 year |

ITEM 7.   Pending or Prior Date:              May 8, 1987

ITEM 8.   Endorsement(s) Effective at Inception:   1-25



IN WITNESS WHEREOF, THE COMPANY issuing this Policy has caused this Policy to be signed by its authorized officers, but it shall not be valid unless also signed by a duly authorized representative of the Company.

_Henry A Aulick_
Secretary

_Thomas F. Motamed_
President

07/23/04
Date

_Robert Hamburger_
Authorized Representative



**Chubb & Son, div. of Federal Insurance Company**
as manager of the member Insurers of the
Chubb Group of Insurance Companies

## POLICYHOLDER
## DISCLOSURE NOTICE OF
## TERRORISM INSURANCE COVERAGE
### (for policies with no terrorism exclusion or sublimit)

You are hereby notified that, under the Terrorism Risk Insurance Act of 2002 (the "Act") effective November 26, 2002, this policy makes available to you insurance for losses arising out of certain acts of international terrorism.   Terrorism is defined as any act certified by the Secretary of the Treasury, in concurrence with the Secretary of State and the Attorney General of the United States, to be an act of terrorism; to be a violent act or an act that is dangerous to human life, property or infrastructure; to have resulted in damage within the United States, or outside the United States in the case of an air carrier or vessel or the premises of a United States Mission; and to have been committed by an individual or individuals acting on behalf of any foreign person or foreign interest, as part of an effort to coerce the civilian population of the United States or to influence the policy or affect the conduct of the United States Government by coercion.

You should know that the insurance provided by your policy for losses caused by acts of terrorism is partially reimbursed by the United States under the formula set forth in the Act.  Under this formula, the United States pays 90% of covered terrorism losses that exceed the statutorily established deductible to be paid by the insurance company providing the coverage.  The portion of your policy's annual premium that is attributable to insurance for such acts of terrorism is: $ -0-.

If you have any questions about this notice, please contact your agent or broker.

10-02-1261 (Ed. 1/2003)



**CHUBB**

In consideration of payment of the premium and subject to the Declarations, limitations, conditions, provisions and other terms of this Policy, the Company agrees as follows:

*Insuring Clause 1*

*Executive Liability Coverage*

1.  The Company shall pay on behalf of each of the Insured Persons all Loss for which the Insured Person is not indemnified by the Organization and which the Insured Person becomes legally obligated to pay on account of any Claim first made against such Insured Person, individually or otherwise, during the Policy Period or, if exercised, during the Extended Reporting Period, for a Wrongful Act committed, attempted, or allegedly committed or attempted by such Insured Person before or during the Policy Period.

*Insuring Clause 2*

*Executive Indemnification Coverage*

2.  The Company shall pay on behalf of the Organization all Loss for which the Organization grants indemnification to each Insured Person, as permitted or required by law, which the Insured Person has become legally obligated to pay on account of any Claim first made against such Insured Person individually or otherwise, during the Policy Period or, if exercised, during the Extended Reporting Period, for a Wrongful Act committed, attempted, or allegedly committed or attempted by such Insured Person before or during the Policy Period.

*Extended Reporting Period*

3.  If this Policy is terminated or nonrenewed for any reason other than for nonpayment of premium, the Parent Organization, on behalf of the Insured Person shall have the right, upon payment of the additional premium set forth in ITEM 6.(A) of the Declarations for this Policy, to an extension of the coverage granted by this Policy for the period set forth in ITEM 6.(B) of the Declarations for this Policy (Extended Reporting Period) following the effective date of termination or nonrenewal with respect to any Claim or Claims made during the Extended Reporting Period, but only for any Wrongful Act committed, attempted, or allegedly committed or attempted, prior to the effective date of termination or nonrenewal. This right of extension shall lapse unless written notice of such election, together with payment of the additional premium due, is received by the Company within thirty (30) days following the effective date of termination or nonrenewal. Any Claim made during the Extended Reporting Period shall be deemed to have been made during the immediately preceding Policy Period.

    If the Extended Reporting Period is purchased, the entire premium noted in ITEM 6.(A) of the Declarations shall be deemed fully earned at the inception of the Extended Reporting Period.



**CHUBB**

---

*Exclusions*

*Exclusions Applicable to*
*Insuring Clauses 1 and 2*

4.   The Company shall not be liable for Loss on account of any Claim made against any **Insured Person**:

a.   based upon, arising from, or in consequence of any circumstances if written notice of such circumstances has been given under any policy of which this **Policy** is a renewal or replacement and if such prior policy affords coverage (or would afford such coverage except for the exhaustion of its limits of liability) for such **Loss**, in whole or in part, as a result of such notice;

b.   based upon, arising from, or in consequence of any demand, suit or other proceeding pending, or order, decree or judgment entered against any **Insured Person** or the **Organization** on or prior to the Pending or Prior Date set forth in ITEM 7. of the Declarations, or the same or substantially the same fact, circumstance or situation underlying or alleged therein;

c.   brought or maintained by or on behalf of any other **Insured Person** or the **Organization** except:

   i.   a **Claim** that is a derivative action brought or maintained on behalf of the **Organization** by one or more persons who are not **Insured Persons** and who bring and maintain the **Claim** without the solicitation, assistance or participation of any **Insured Person** or the **Organization**,

   ii.  a **Claim** brought or maintained by an **Insured Person**, other than an **Insured Person** who is or was a director of the **Organization**, for the actual or alleged wrongful termination of the **Insured Person**, or

   iii. a **Claim** brought or maintained by an **Insured Person** for contribution or indemnity, if the **Claim** directly results from another **Claim** covered under this **Policy**;

d.   for any **Wrongful Act** of **Insured Persons** serving in their capacities as fiduciaries (including fiduciaries as defined in the Employee Retirement Income Security Act of 1974 and amendments thereto or similar provisions of any federal, state or local statutory law or common law) of any pension, profit sharing, health and welfare or other employee benefit plan or trust established or maintained for the purpose of providing benefits to employees of the **Organization**;

e.   for bodily injury, mental or emotional distress, sickness, disease or death of any person or damage to or destruction of any tangible property including loss of use thereof;

f.   based upon, arising from, or in consequence of i. the actual, alleged or threatened discharge, release, escape or disposal of **Pollutants** into or on real or personal property, water or the atmosphere; or ii. any direction or request that the **Organization** test for, monitor, clean up, remove, contain, treat, detoxify or neutralize **Pollutants**, or any voluntary decision to do so; including but not limited to any **Claim** for financial loss to the **Organization**, its security holders or its creditors based upon, arising from, or in consequence of the matters described in i. or ii. of this exclusion; or

g.   for defamation, libel, slander, wrongful entry, eviction, false arrest, false imprisonment, malicious prosecution, assault or battery.

---



**Exclusions**
*(continued)*

**Exclusions Applicable Only to Insuring Clause 1**

5. The Company shall not be liable under Insuring Clause 1 for Loss on account of any Claim made against any Insured Person:

   a. for an accounting of profits made from the purchase or sale by such Insured Person of securities of the Organization within the meaning of Section 16b. of the Securities Exchange Act of 1934 and amendments thereto or similar provisions of any federal, state or local statutory law or common law;

   b. based upon, arising from, or in consequence of any dishonest, deliberately criminal or deliberately fraudulent act or omission or any willful violation of any statute or regulation by such Insured Person, provided, however, that this Exclusion shall not apply unless it is established in fact that such Claim was brought about or contributed to by a dishonest, deliberately criminal or deliberately fraudulent act or omission or any willful violation of any statute or regulation by the Insured Person; or

   c. based upon, arising from, or in consequence of such Insured Person having gained in fact any personal profit, remuneration or advantage to which such Insured Person was not legally entitled.

**Severability of Exclusions**

6. With respect to the Exclusions of this Policy, no fact pertaining to or knowledge possessed by any Insured Person shall be imputed to any other Insured Person to determine if coverage is available.

**Limit of Liability, Deductible and Coinsurance**

7. All Loss arising out of the same Wrongful Act and all Interrelated Wrongful Acts of any Insured Persons shall be deemed one Loss, and such Loss shall be deemed to have originated in the earliest Policy Period in which a Claim is first made against any Insured Person alleging any such Wrongful Act or Interrelated Wrongful Acts.

The Company's maximum liability for each Loss, whether covered under Insuring Clause 1 or Insuring Clause 2 or both, shall be the Limit of Liability for each Loss set forth in ITEM 2.(A) of the Declarations. The Company's maximum aggregate liability for all Loss on account of all Claims first made during the same Policy Period, whether covered under Insuring Clause 1 or Insuring Clause 2 or both, shall be the Limit of Liability for each Policy Period set forth in ITEM 2.(B) of the Declarations.

The Company's liability under Insuring Clause 1 or Insuring Clause 2 or both shall apply only to that part of each Loss which is excess of the applicable Deductible Amount set forth in ITEM 4. of the Declarations and such Deductible Amount shall be borne by the Insured Persons and/or the Organization uninsured and at their own risk.



**Limit of Liability, Deductible and Coinsurance**
*(continued)*

If a single Loss is covered in part under Insuring Clause 1 and in part under Insuring Clause 2, the maximum Deductible Amount applicable to the Loss shall be the Insuring Clause 2 deductible set forth in ITEM 4. of the Declarations.

With respect to all Loss (excess of the Deductible Amount) originating in any one Policy Period, the Insured Persons and the Organization shall bear uninsured and at their own risk that percent of all such Loss specified as the Coinsurance Percent in ITEM 3. of the Declarations, and the Company's liability hereunder shall apply only to the remaining percent of all such Loss.

The Limit of Liability available during the Extended Reporting Period, if exercised, shall be the remaining portion, if any, of the Aggregate Limit of Liability provided by the immediately preceding Policy Period.

**Presumptive Indemnification**

8. If the Organization:

   a. fails or refuses, other than for reason of Financial Impairment, to indemnify the Insured Person for Loss; and

   b. is permitted or required to indemnify the Insured Person for such Loss pursuant to the fullest extent permitted by law;

   then, notwithstanding any other conditions, provisions or terms of this Policy to the contrary, any payment by the Company of such Loss shall be subject to i. the Insuring Clause 2 Deductible Amount set forth in ITEM 4. of the Declarations for this Policy, and ii. all of the Exclusions of this Policy.

**Defense and Settlement**

9. Subject to this Section, it shall be the duty of the Insured Persons and not the duty of the Company to defend Claims made against the Insured Persons.

The Insured Persons and the Organization agree not to settle any Claim, incur any Defense Costs or otherwise assume any contractual obligation or admit any liability with respect to any Claim without the Company's written consent, which shall not be unreasonably withheld. The Company shall not be liable for any settlement, Defense Costs, assumed obligation or admission to which it has not consented.

The Company shall have the right and shall be given the opportunity to effectively associate with the Insured Persons and the Organization in the investigation, defense and settlement, including but not limited to the negotiation of a settlement, of any Claim that appears reasonably likely to be covered in whole or in part by this Policy.

The Insured Persons and the Organization agree to provide the Company with all information, assistance and cooperation which the Company reasonably requests and agree that, in the event of a Claim, the Insured Persons and the Organization will do nothing that may prejudice the Company's position or its potential or actual rights of recovery.

Defense Costs are part of and not in addition to the Limits of Liability set forth in ITEM 2. of the Declarations for this Policy, and the payment by the Company of Defense Costs reduces such Limits of Liability.



**CHUBB**

---

*Allocation*        **10.** If both Loss covered by this Policy and loss not covered by this Policy are incurred, either because a Claim against the Insured Persons includes both covered and uncovered matters or because a Claim is made against both an Insured Person and others, including the Organization, then the Insured Persons, the Organization and the Company shall use their best efforts to agree upon a fair and proper allocation of such amount between covered Loss and uncovered loss.

If the Insured Persons, Organization and the Company agree on an allocation of Defense Costs, the Company shall advance on a current basis Defense Costs allocated to the covered Loss. If the Insured Persons, Organization and the Company cannot agree on an allocation:

    **a.** no presumption as to allocation shall exist in any arbitration, suit or other proceeding;

    **b.** the Company shall advance on a current basis Defense Costs which the Company believes to be covered under this Policy until a different allocation is negotiated, arbitrated or judicially determined; and

    **c.** the Company, if requested by the Insured Persons and/or the Organization, shall submit the dispute to binding arbitration. The rules of the American Arbitration Association shall apply except with respect to the selection of the arbitration panel, which shall consist of one arbitrator selected by the Insured Persons and the Organization, one arbitrator selected by the Company, and a third independent arbitrator selected by the first two arbitrators.

Any negotiated, arbitrated or judicially determined allocation of Defense Costs on account of a Claim shall be applied retroactively to all Defense Costs on account of such Claim, notwithstanding any prior advancement to the contrary. Any allocation or advancement of Defense Costs on account of a Claim shall not apply to or create any presumption with respect to the allocation of other Loss on account of such Claim.

---

*Reporting and Notice*    **11.** The Insured Persons and the Organization shall, as a condition precedent to exercising their rights under this Policy, give to the Company written notice as soon as practicable, but in no event later than ninety (90) days after the termination of the Policy Period, of any Claim made against the Insured Persons for a Wrongful Act.

If an Insured Person or the Organization becomes aware of circumstances which could give rise to a Claim and gives written notice of such circumstance(s) to the Company during the Policy Period, then any Claims subsequently arising from such circumstances shall be considered to have been made during the Policy Period in which the circumstances were first reported to the Company.

The Insured Persons and/or the Organization shall, as a condition precedent to exercising their rights under this Policy, give to the Company such information and cooperation as it may reasonably require, including but not limited to a description of the Claim or circumstances, the nature of the alleged Wrongful Act, the nature of the alleged or potential damage, the names of actual or potential claimants, and the manner in which the Insured Persons and/or the Organization first became aware of the Claim or circumstances.

---



CHUBB

| | | |
|---|---|---|
| *Notice* | 12. | Notice to the Company under this Policy shall be given in writing addressed to: |

Notice of Claim:

Home Office Claims Department
Chubb Group of Insurance Companies
15 Mountain View Road
Warren, N.J. 07059

All Other Notices:

Department of Financial Institutions
Chubb Group of Insurance Companies
15 Mountain View Road
Warren, N.J. 07059

Such notice shall be effective on the date of receipt by the Company at such address.

---

*Estates and Legal Representatives*   13.   Coverage shall extend to Claims for the **Wrongful Acts** of **Insured Persons** made against the estates, heirs, legal representatives or assigns of **Insured Persons** who are deceased or against the legal representatives or assigns of **Insured Persons** who are incompetent, insolvent or bankrupt.

---

*Other Insurance*   14.   If any **Loss** arising from any **Claim** made against any **Insured Person** is insured under any other valid policy(ies), prior or current, then this Policy shall cover such **Loss**, subject to its limitations, conditions, provisions and other terms, only to the extent that the amount of such **Loss** is in excess of the amount of payment from such other insurance whether such other insurance is stated to be primary, contributory, excess, contingent or otherwise, unless such other insurance is written only as specific excess insurance over the Limits of Liability provided in this Policy.

---

*Changes in Exposure*

*Acquisition or Creation of Another Organization*   15.   If the **Organization** i. acquires securities or voting rights in another organization or creates another organization, which as a result of such acquisition or creation becomes a **Subsidiary**, or ii. acquires any organization by merger into or consolidation with an **Organization**, coverage shall apply to the **Insured Persons** of such organization under this Policy but only with respect to **Wrongful Acts** committed, attempted, or allegedly committed or attempted, after such acquisition or creation unless the Company agrees, after presentation of a complete application and all appropriate information, to provide coverage by endorsement for **Wrongful Acts** committed, attempted, or allegedly committed or attempted, by such **Insured Persons** prior to such acquisition or creation.

If the fair value of the assets of the acquired or created organization exceeds 10% of the total assets of the **Parent Organization** as reflected in the **Parent Organization's** most recent audited consolidated financial statements, the **Parent Organization** shall give written notice of such acquisition or creation to the Company as soon as practicable together with such information as the Company may require and shall pay any reasonable additional premium required by the Company.

---



**Changes in Exposure**
(continued)

**Acquisition of Parent Organization by Another Organization**

16. If i. the Parent Organization merges into or consolidates with another organization, or ii. another organization or person or group of organizations and/or persons acting in concert acquires securities or voting rights which result in ownership or voting control by the other organization(s) or person(s) of more than 50% of the outstanding securities representing the present right to vote for the election of directors of the Parent Organization, or iii. the Organization completely ceases to actively engage in its primary business ("cessation"), or iv. upon the Financial Impairment of the Organization, coverage under this Policy shall continue until termination of this Policy, but only with respect to Claims for Wrongful Acts committed, attempted, or allegedly committed or attempted, by Insured Persons prior to such merger, consolidation, acquisition, cessation or Financial Impairment. The Parent Organization shall give written notice of such merger, consolidation, acquisition or cessation to the Company as soon as practicable together with such information as the Company may require. The full annual premium for the Policy Period shall be deemed fully earned immediately upon the occurrence of any event outlined in items i. through iv. above.

**Cessation of Subsidiaries**

17. In the event an organization ceases to be a Subsidiary before or after the Inception Date of this Policy, coverage with respect to such Subsidiary and its Insured Persons shall continue until termination of this Policy but only with respect to Claims for Wrongful Acts committed, attempted or allegedly committed or attempted prior to the date such organization ceased to be a Subsidiary.

**Representations and Application Form**

18. It is agreed by the Organization and Insured Persons that the particulars and statements contained in the Application Form (which shall be retained on file by the Company and shall be deemed attached hereto, as if physically attached hereto) are true and are the basis of this Policy and are to be considered as incorporated in and constituting a part of this Policy. It is further agreed by the Organization and the Insured Persons that such particulars and statements are material to the decision to issue this Policy and that the Policy is issued in reliance upon the truth of such particulars and statements. All such particulars and statements shall be deemed to be made by each and every one of the Insured Persons. Provided, however, that, except for any misstatements or omissions or which the signers of the Application Form are aware, any misstatement or omission in such Application Form or the attachments and materials submitted with it concerning a specified Wrongful Act by a particular Insured Person or his cognizance of any matter which he has reason to suppose might afford grounds for a future Claim against him shall not be imputed, for purposes of any rescission of this Policy, to any other Insured Persons who are not aware of the omission or the falsity of the statement.



**Investigation and Settlement**

19. The Company may make any investigation it deems necessary and may, with the written consent of the Organization, on behalf of the Insured Persons, make any settlement of a Claim it deems expedient.

**Subrogation**

20. In the event of any payment under this Policy, the Company shall be subrogated, to the extent of such payment, to all the Insured Persons' and the Organization's rights of recovery, and the Insured Persons and the Organization shall execute all papers required and shall do everything necessary to secure and preserve such rights, including the execution of such documents necessary to enable the Company effectively to bring suit in the name of the Insured Persons or the Organization.

**Action Against the Company**

21. No action shall lie against the Company unless, as a condition precedent thereto, there shall have been full compliance with all the terms of this Policy. No person or organization shall have any right under this Policy to join the Company as a party to any action against the Insured Persons and/or the Organization to determine the Insured Persons' liability nor shall the Company be impleaded by the Insured Persons and/or the Organization or their legal representatives.

**Bankruptcy or Insolvency**

22. Bankruptcy or insolvency of an Insured Person or the estate of an Insured Person shall not relieve the Company of its obligations nor deprive the Company of its rights under this Policy.

**Authorization Clause**

23. By acceptance of this Policy, the Parent Organization agrees to act on behalf of all Insured Persons and the Organization with respect to the giving and receiving of notice of Claim or termination, the payment of premiums and the receiving of any return premiums that may become due under this Policy, the negotiation, agreement to and acceptance of endorsements, and the giving or receiving of any notice provided for in this Policy, and the Insured Persons and the Organization agree that the Parent Organization shall act on their behalf.

**Alteration or Assignment**

24. No change in, modification of, or assignment of interest under this Policy shall be effective except when made by a written endorsement to this Policy which is signed by an authorized employee of Chubb & Son.

**Termination of Policy**

25. This Policy shall terminate at the earliest of the following times:

    a.   upon the receipt by the Company of written notice of termination from the Parent Organization; or

    b.   upon expiration of the Policy Period as set forth in ITEM 2. of the Declarations of this Policy; or

    c.   at such other time as may be agreed upon by the Company and the Parent Organization; or



**Termination of Policy**
*(continued)*

d.   sixty (60) days after receipt by the Parent Organization of the Company's notice of nonrenewal. Such notice shall be in conformance with applicable state laws and regulations.

The Company shall refund the unearned premium computed at customary short rates if the Policy is terminated by the Parent Organization. Under any other circumstances the refund shall be computed pro rata.

**Valuation and Foreign Currency**

26.   All premiums, limits, retentions, Loss and other amounts under this Policy are expressed and payable in the currency of the United States of America. Except as otherwise provided in the Policy, if judgment is rendered, settlement is denominated or another element of Loss under this Policy is stated in a currency other than United States of America dollars, payment under this Policy shall be made in United States dollars at the rate of exchange published in The Wall Street Journal on the date the final judgment is entered, the amount of the settlement is agreed upon or the other element of Loss is due, respectively.

**Definitions**

27.   Claim means:

a.   a written demand for monetary damages,

b.   a civil proceeding commenced by the service of a complaint or similar pleading,

c.   a criminal proceeding commenced by a return of an indictment, or

d.   a formal administrative or regulatory proceeding commenced by the filing of a notice of charges, formal investigative order or similar document,

against any Insured Person for a Wrongful Act, including any appeal therefrom.

Defense Costs means that part of Loss consisting of reasonable costs, charges, fees (including but not limited to attorneys' fees and experts' fees) and expenses (other than regular or overtime wages, salaries or fees of the directors, officers or employees of the Organization) incurred in defending or investigating Claims and the premium for appeal, attachment or similar bonds.

Financial Impairment means the status of the Organization resulting from i. the appointment by any state or federal official, agency or court of any receiver, conservator, liquidator, trustee, rehabilitator or similar official to take control of, supervise, manage or liquidate the Organization, or ii. the Organization becoming a debtor in possession.

Insured Capacity means the Insured Person's position or capacity but shall not include any position or capacity in any entity other than the Organization, even if the Organization directed or requested the Insured Person to serve in such other position or capacity.

Insured Person means any past, present or future duly elected director or duly elected or appointed officer of the Organization.



**CHUBB**

**Definitions**
**(continued)**

Interrelated Wrongful Acts means all causally connected Wrongful Acts.

Loss means the total amount which any Insured Person becomes legally obligated to pay on account of each Claim and for all Claims in each Policy Period and the Extended Reporting Period, if exercised, made against them for Wrongful Acts for which coverage applies, including, but not limited to, damages, judgments, settlements, costs and Defense Costs. Loss does not include: i. any amount not indemnified by the Organization for which the Insured Person is absolved from payment by reason of any covenant, agreement or court order; ii. any amount incurred by the Organization (including its board of directors or any committee of the board of directors) in connection with the investigation or evaluation of any Claim or potential Claim by or on behalf of the Organization; iii. fines or penalties imposed by law including but not limited to punitive or exemplary damages, or the multiple portion of any multiplied damage award; or iv. matters uninsurable under the law pursuant to which this Policy is construed.

Organization shall mean the Parent Organization and/or any Subsidiary.

Parent Organization means the entity named in ITEM 1. of the Declarations.

Policy Period means the period of time specified in ITEM 5. of the Declarations, subject to prior termination in accordance with Section 25. If this period is less than or greater than one year, then the Limits of Liability specified in ITEM 2. of the Declarations shall be the Company's maximum limit of liability under this Policy for the entire period.

Pollutants means any substance located anywhere in the world exhibiting any hazardous characteristics as defined by, or identified on a list of hazardous substances issued by the United States Environmental Protection Agency or a state, county, municipality or locally counterpart thereof. Such substances shall include, without limitation, solids, liquids, gaseous or thermal irritants, contaminants or smoke, vapor, soot, fumes, acids, alkalis, chemicals or waste materials. Pollutants shall also mean any other air emission, odor, waste water, oil or oil products, infectious or medical waste, asbestos or asbestos products and any noise.

Subsidiary means any organization that, at the Inception Date of this Policy, is named in the Application Form and of which more than 50% of the outstanding securities or voting rights representing the present right to vote for election of directors is owned or controlled by the Parent Organization either directly or through one or more of its Subsidiaries or any organization of which more than 50% of the outstanding securities or voting rights representing the right to vote for election of directors was owned or controlled by the Parent Organization either directly or through one or more of its Subsidiaries prior to the Inception Date of this Policy.

Wrongful Act means any error, misstatement, misleading statement, act, omission, neglect, or breach of duty committed, attempted, or allegedly committed or attempted, by an Insured Person, individually or otherwise, in his Insured Capacity, or any matter claimed against him solely by reason of his serving in such Insured Capacity.

For the purposes of the definitions, the singular includes the plural and the plural includes the singular, unless otherwise indicated.


**CHUBB**

Effective date of
this endorsement:  February 15, 2004

Federal Insurance Company

Endorsement No.:   1

To be attached to and form a part of Policy
Number:          7023-4658

Issued to:  MBIA, INC.

## FEES AND CHARGES EXCLUSION ENDORSEMENT

It is agreed that the Company shall not be liable for Loss on account of any Claim based upon, arising from, or in consequence of any actual or alleged overcharging for investment management or advisory fees, charges or commissions; brokerage fees; entry or withdrawal fees in connection with the sale of investment company shares; or price fixing relating to company shares.

ALL OTHER TERMS AND CONDITIONS OF THIS POLICY REMAIN UNCHANGED.

Date:  July 23, 2004

By _____
        Authorized Representative

Form 17-02-1196 (Ed. 3/2004) rev.

Page 1



CHUBB

| | |
|---|---|
| Effective date of<br>this endorsement:  February 15, 2004 | Federal Insurance Company |
| | Endorsement No.:   2 |
| | To be attached to and form a part of Policy<br>Number:          7023-4658 |

Issued to:  MBIA, INC.

## MUTUAL FUND MANAGEMENT EXCLUSION ENDORSEMENT

It is agreed that the Company shall not be liable for Loss on account of any Claim based upon, arising from, or in consequence of the **Organization's** ownership, control, management or sponsorship of any mutual funds where such **Claim** is based on, arises from or related to:

i.    liability of others assumed by the **Insured Persons** or the **Organization** under any contract or agreement, either oral or written, except to the extent that the **Insured** would have been liable in the absence of the contract or the agreement,

ii.    the non-function or malfunction of data processing machines or systems,

iii.    bankruptcy of, or suspension of payment by any bank, banking firm, or any broker or dealer in securities or commodities,

iv.    the insolvency, receivership, bankruptcy or reorganization of any mutual fund,

v.    actual or alleged overcharging for investment management or advisory fees, charges or commission, brokerage fees, or entry or withdrawal fees in connection with the sale of mutual fund shares, or

vi.    intentional non-compliance by the **Organization** or any **Insured Person** with any statute or regulation.

ALL OTHER TERMS AND CONDITIONS OF THIS POLICY REMAIN UNCHANGED.

Date:  July 23, 2004                    By_____
                                             Authorized Representative

Form 17-02-1212 (Ed. 3/2004) rev.                              Page 1



Effective date of
this endorsement:  February 15, 2004

Federal Insurance Company

Endorsement No.:  3

To be attached to and form a part of Policy
Number:          7023-4658

Issued to:  MBIA, INC.

### NEWLY ACQUIRED OR CREATED SUBSIDIARIES –
### PRIOR ACTS EXCLUSION ENDORSEMENT

It is understood and agreed that effective with the creation or acquisition date shown below, the term
Organization shall specifically include:

### SCHEDULE

| Name of Entity | Creation or Acquisition Date |
|---|---|
| CapMac Holdings | February 17, 1998 |
| New York Governing Board of Cooperative Liquid Assets Securities System | February 1, 2001 |
| MBIA Capital Corp | August 11, 1994 |
| MBIA Foundation, Inc. | March 23, 2001 |

It is agreed that with respect to coverage for the above Organizations, the Company shall not be liable
for Loss on account of any Claim based upon, arising from, or in consequence of:

1.  any Wrongful Act occurring prior to the Organization's respective creation or acquisition date set
    forth above; or

2.  any Wrongful Act occurring subsequent to such date that, together with a Wrongful Act occurring
    prior to such date, would constitute Interrelated Wrongful Acts.

ALL OTHER TERMS AND CONDITIONS OF THIS POLICY REMAIN UNCHANGED.

Date:  July 23, 2004

By _____
                Authorized Representative

D&O Policy
Form 17-02-1213 (Ed. 10-94)                                        Page 1



CHUBB

Effective date of
this endorsement:   February 15, 2004

Federal Insurance Company

Endorsement No.:   4

To be attached to and form a part of Policy
Number:          7023-4658

Issued to:   MBIA, INC.

## PROFESSIONAL SERVICES EXCLUSION ENDORSEMENT

It is agreed that the Company shall not be liable for Loss on account of any Claim based upon, arising
from or in consequence of rendering or failure to render professional services, including but not limited to
the following services:

   i.     broker;

   ii.    dealer;

   iii.   financial adviser;

   iv.   investment adviser;

   v.    investment banker;

   vi.   investment manager;

   vii.  clearing agent;

   viii.  trustee, fiduciary or agent within the Organization's Trust Department for individuals,
           governments, corporation or other entities,

However, this Exclusion shall not be applicable to any shareholder's derivative or class action suit against
the Insured Persons in connection with the failure to supervise any of the activities listed above.

ALL OTHER TERMS AND CONDITIONS OF THIS POLICY REMAIN UNCHANGED.

Date:  July 23, 2004

By _____
             Authorized Representative

D&O Policy
Form 17-02-1223 (Rev. 11-03)

Page 1


CHUBB

Effective date of
this endorsement:  February 15, 2004

Federal Insurance Company

Endorsement No.:   5

To be attached to and form a part of Policy
Number:          7023-4658

Issued to:  MBIA, INC.

## SPOUSAL LIABILITY ENDORSEMENT

It is agreed that if a Claim against an Insured Person includes a Claim against the Insured Person's
lawful spouse solely by reason of:

a.   such spouse's status as a spouse of the Insured Person, or

b.   such spouse's ownership interest in property which the claimant seeks as recovery for alleged
     Wrongful Acts of the Insured Person, all Loss which such spouse becomes legally obligated to
     pay on account of such Claim shall be treated for purposes of this Policy as Loss which the
     Insured Person becomes legally obligated to pay on account of the Claim made against the
     Insured Person. All limitations, conditions, provisions and other terms of coverage (including the
     deductible) applicable to the Insured Person's Loss shall also be applicable to such spousal Loss.

The coverage extension afforded by this endorsement does not apply to any Claim alleging any
Wrongful Act by the Insured Person's spouse.


ALL OTHER TERMS AND CONDITIONS OF THIS POLICY REMAIN UNCHANGED.


By_____
                  Authorized Representative

Date:  July 23, 2004


D&O Policy
Form 17-02-1232 (Rev. 5-96)

Page 1



CHUBB

| | |
|---|---|
| Effective date of this endorsement: February 15, 2004 | Federal Insurance Company |
| | Endorsement No.: 6 |
| | To be attached to and form a part of Policy Number:   7023-4658 |

Issued to:  MBIA, INC.

## CONNECTICUT AMENDATORY ENDORSEMENT

It is agreed that:

1.  Section 3., Extended Reporting Period, is deleted in its entirety and replaced with the following:

    Extended Reporting Period

    3.  If this Policy is terminated or nonrenewed for any reason, the Parent Organization shall have the right, upon payment of the additional premium set forth in ITEM 6.(A) of the declarations to an extension of coverage granted by this Policy for a period of one year (365 days) following the effective date of termination or nonrenewal, but only for a Wrongful Act committed, attempted, or allegedly committed or attempted prior to the effective date of termination or nonrenewal. This right of extension shall lapse unless written notice of such election, together with payment of the Additional Premium due, is received by the Company within thirty (30) days following the effective date of nonrenewal or termination.

    The Company shall notify the Parent Organization in writing no later than fifteen (15) days of termination of the Policy of the automatic extended reporting period contained in Section 11., Reporting and Notice, the availability of, premium for, and importance of purchasing, the Extended Reporting Period as set forth above.

2.  Section 25., Termination of Policy, is amended by deleting paragraph d. in its entirety and replacing it with the following:

    d.  sixty (60) days after receipt by the Parent Organization of the Company's notice of nonrenewal including the reason for such nonrenewal.

ALL OTHER TERMS AND CONDITIONS OF THIS POLICY REMAIN UNCHANGED.

Date:  July 23, 2004                                    By _____
                                                              Authorized Representative



CHUBB

Effective date of
this endorsement:  February 15, 2004

Federal Insurance Company

Endorsement No.:  7

To be attached to and form a part of Policy
Number:          7023-4658

Issued to:  MBIA, INC.

## OUTSIDE DIRECTORSHIP LIABILITY EXTENSION ENDORSEMENT

It is agreed that:

1.  For the purposes of this endorsement only and coverage provided hereunder, Section 27.,
    Definitions, Insured Person is amended by adding the following:

    Insured Person also means any elected or appointed officer of the Organization in any Outside
    Directorship.

2.  The following definitions are added to Section 27., Definitions:

    Outside Directorship means the position of director, officer, trustee, governor, or equivalent
    executive position with an Outside Entity if service by an Insured Person in such position was at
    the specific request of the Organization or was part of the duties regularly assigned to the Insured
    Person by the Organization.

    Outside Entity means any non-profit corporation, community chest, fund organization or foundation
    exempt from federal income tax as any organization described in Section 501(c) (3), Internal
    Revenue Code of 1986, as amended and any of the following organizations:

| Outside Entity | Insured Person |
|---|---|
| Safeco | Joseph J. Brown |
| Oxford | Joseph J. Brown |
| New Power Holdings | Richard Weill |

3.  Coverage provided to any Insured Person in an Outside Directorship shall:

    a.  not extend to the Outside Entity or to any director, officer, trustee, governor or any other
        equivalent executive or employee of the Outside Entity, other than the Insured Person
        serving in the Outside Directorship;

    b.  only extend to those Outside Entities and corresponding Insured Persons listed in item 2.
        above;

    c.  be specifically excess of any indemnity (other than any indemnity provided by the
        Organization) or insurance available to such Insured Person by reason of serving in the
        Outside Directorship, including any indemnity or insurance available from or provided by the
        Outside Entity;

D&O Policy
Form 17-02-1434 (Ed. 4-99)

Page 1



CHUBB

d.  not extend to Loss on account of any Claim made against any Insured Person for a Wrongful Act committed, attempted, or allegedly committed or attempted, by such Insured Person while serving in the Outside Directorship if such Wrongful Act is committed, attempted, or allegedly committed or attempted, after the date:

    i.  such Insured Person ceases to be an officer of the Organization, or

    ii.  service by such Insured Person in the Outside Directorship ceases to be at the specific request of the Organization or a part of the duties regularly assigned to the Insured Person by the Organization;

e.  not extend to Loss on account of any Claim made against any Insured Person for a Wrongful Act committed, attempted, or allegedly committed or attempted, by such Insured Person while serving in the Outside Directorship where such Claim is:

    i.  by the Outside Entity, or

    ii.  by any affiliate of the Outside Entity, or

    iii.  on behalf of the Outside Entity and a director, officer, trustee, governor or equivalent executive of the Outside Entity instigates such Claim, or

    iv.  by any director, officer, trustee, governor or equivalent executive of the Outside Entity.

4.  Section 7., Limit of Liability, Deductible and Coinsurance, is amended by adding the following:

The Company's maximum liability to pay Loss under this Policy, including this endorsement, shall not exceed the amount set forth in ITEM 2. of the Declarations.  This endorsement does not increase the Company's maximum liability beyond the Limits of Liability set forth in ITEM 2. of the Declarations.

If the Company or any other member company of the Chubb Group of Insurance Companies makes payment for Loss in connection with a Claim covered under another policy, on account of any Claim also covered under this Policy, the Limit of Liability for this Policy with respect to such Claim shall be reduced by the amount of such payment.

5.  Section 4., Exclusions Applicable to Insuring Clauses 1 and 2, is amended by adding the following:

h.  based upon, arising from, or in consequence of any Wrongful Acts of any Insured Person serving as director, officer, trustee, regent or governor of the Outside Entity arising out of their service as fiduciary (including fiduciary as defined in the Employee Retirement Income Security Act of 1974 and amendments thereto or similar provisions of any federal, state or local statute or common law), for any pension or welfare plan(s); or

i.  based upon, arising from, or in consequence of:

    i.  any litigation, arbitration, claim, demand, cause of action, equitable, legal or quasi-legal proceeding, decree or judgment (collectively referred to as litigation) against the Outside Entity occurring prior to, or pending as of 00, of which the Outside Entity or the director, officer, trustee, regent, or governor of the Outside Entity have received notice or otherwise had  knowledge as of such date; or

    ii.  any subsequent litigation arising from, or based on the same or substantially the same matters alleged in the prior or pending litigation included in i. above; or

    iii.  any Wrongful Act of the Outside Entity, or the directors, officers, trustees, regents, or governors or the Outside Entity, which gave rise to such prior or pending litigation included in i. above; or

j.  based upon, arising from, or in consequence of any Wrongful Act which occurred prior to the date coverage was granted for the Insured Person, or any Wrongful Act occurring subsequent to the date coverage was granted for the Insured Person which, together with a Wrongful Act occurring prior to such date, constitute Interrelated Wrongful Acts; or



CHUBB

k.    based upon, arising from, or in consequence of any Claim brought by or at the behest of any individual(s) and/or corporation that owns, beneficially or directly, ten percent (10%) or more of any class of outstanding stock of the Outside Entity; or

l.    based upon, arising from, or in consequence of any service by any Insured Person who was an elected or appointed public, governmental or quasi-governmental official.

ALL OTHER TERMS AND CONDITIONS OF THIS POLICY REMAIN UNCHANGED.

Date: July 23, 2004

By_____
              Authorized Representative



**CHUBB**

Effective date of
this endorsement:  February 15, 2004

Federal Insurance Company

Endorsement No.:   8 .

To be attached to and form a part of Policy
Number:          7023-4658

Issued to:   MBIA, INC.

## PUNITIVE DAMAGES COVERAGE ENDORSEMENT

It is agreed that:

1.   The definition of Loss under Section 27., Definitions, is deleted in its entirety and replaced with the following:

Loss means the total amount which any Insured becomes legally obligated to pay on account of each Claim and for all Claims in each Policy Period and the Extended Reporting Period, if exercised, for which coverage applies, including, but not limited to, compensatory damages, punitive or exemplary damages, where lawfully insurable, judgments, settlements, costs and Defense Costs.  Loss does not include:

   i.    any amount not indemnified by the Organization for which the Insured Person is absolved from payment by reason of any covenant, agreement or court order;

   ii.    any amount incurred by the Organization (including its board of directors or any committee of the board of directors) in connection with the investigation or evaluation of any Claim or potential Claim by or on behalf of the Organization;

   iii.    fines or penalties imposed by law, or the multiple portion of any multiplied damage award; or

   iv.    matters uninsurable under the law pursuant to which this Policy is construed.

2.   For the purpose of resolving any dispute between the Company and the Organization regarding whether the punitive or exemplary damages specified above are insurable under this Policy, the law of the jurisdiction most favorable to the insurability of those damages shall control, provided that such law controls the interpretation of this Policy.

ALL OTHER TERMS AND CONDITIONS OF THIS POLICY REMAIN UNCHANGED.

Date:  July 23, 2004

By _____
                               Authorized Representative

D&O Policy
Form 17-02-2534 (Ed. 12-01)

Page 1



CHUBB

Effective date of
this endorsement:   February 15, 2004

Federal Insurance Company

Endorsement No.:   9

To be attached to and form a part of Policy
Number:        7023-4658

Issued to:   MBIA, INC.

## INSURANCE COMPANY E&O EXCLUSION – FAILURE TO SUPERVISE ENDORSEMENT

It is agreed that:

1.   The Company shall not be liable for Loss on account of any Claim based upon, arising from, or in
consequence of:

   i.   any Insurance Policy issued by the Organization,

   ii.   any Insurance Policy issued by any other entity or self-insured program for which the
Organization provides services of any kind,

   iii.   the refusal to issue or renew, or issuance or cancellation of any Insurance Policy by the
Organization,

   iv.   the refusal or failure to issue, the refusal to renew, or the cancellation of:

      a.   any Insurance Policy issued by any other company, or

      b.   any insurance under any self-insured program for which the Organization
provides services of any kind,

   v.   any claim under any Insurance Policy issued by the Organization, or any other entity
or any self-insured program for which the Organization provides services of any kind, or

   vi.   the handling by the Organization or any of its representatives of any claim or obligation
arising out of any Insurance Policy issued by the Organization, any other entity, or any
insurance under a self-insured program for which the Organization provides services of
any kind.

However, this Exclusion shall not be applicable to any shareholder's derivative or class action
suit brought against the Insured Persons in connection with the failure to supervise any of the
activities listed above.

D&O Policy
Form 17-02-2537 (Ed. 11-03)

Page 1


CHUBB

2.   Section 27., Definitions, is amended by adding the following:

Insurance Policy means any contract of insurance, reinsurance or any bond, including but not limited to annuities, endowments or pension contracts.

ALL OTHER TERMS AND CONDITIONS OF THIS POLICY REMAIN UNCHANGED.

Date: July 23, 2004

By _____
Authorized Representative



**CHUBB**

Effective date of
this endorsement:  February 15, 2004

Federal Insurance Company

Endorsement No.:  10

To be attached to and form a part of Policy
Number:          7023-4658

Issued to:  MBIA, INC.

### ORDER OF PAYMENTS ENDORSEMENT

It is agreed that:

1. In the event of Loss arising from any D&O Claim(s) for which payment is due under the provisions of this Policy but which Loss, in the aggregate, exceeds the remaining available Limit of Liability of this Policy, upon the specific written request of the Parent Organization then this Policy shall:

a. first pay such Loss for which the Insured Organization does not provide indemnification to the Insured Person, then with respect to whatever remaining amount of the Limit of Liability is available after payment of such Loss,
b. then pay such Loss for which the Insured Organization does provide indemnification to the Insured Person.

2. In the event of Loss arising from a D&O Claim(s) for which payment is due under the provisions of this Policy (including those circumstances described in paragraph 1 above), the Company shall at the written request of the Parent Organization:
a. first pay such Loss for which the Insured Organization does not provide indemnification to the Insured Person, then
b. either pay or hold payment for such Loss which the Insured Organization does provide indemnification to the Insured Person.

In the event that the Company withholds payment for indemnified Loss pursuant to the above request, then the Company shall at any time in the future, at the request of the Parent Organization, release such Loss payment to the Parent Organization, or make such Loss payment directly to an individual director or officer in the event of covered Loss under any D&O Claim covered under this Policy pursuant to non-indemnified covered Loss under any D&O Claim covered under this policy.

3. Nothing in this endorsement shall be construed to increase the Limit of Liability of the Company under this Policy, which Limit of Liability shall remain the maximum liability of the Company under all D&O Claims under all coverage under this Policy combined.

ALL OTHER TERMS AND CONDITIONS OF THIS POLICY REMAIN UNCHANGED.

Date:  July 23, 2004

By _____
            Authorized Representative

Name Policy
17-02-2577 (2/2004) rev.

Page 1



**CHUBB**

Effective date of
this endorsement:   February 15, 2004

Federal Insurance Company

Endorsement No.:      11

To be attached to and form a part of Policy
Number:              7023-4658

Issued to:   MBIA, INC.

### AMENDED DEFINITION OF INSURED PERSON – FOREIGN EQUIVALENT ENDORSEMENT

It is agreed that the definition of Insured Person of Section 27., Definitions, is deleted in its entirety and replaced with the following:

Insured Person means any past, present or future duly elected director or duly elected or appointed officer or trustee of the Organization or any equivalent position, as described in this definition, in any other jurisdiction anywhere in the world.

ALL OTHER TERMS AND CONDITIONS OF THIS POLICY REMAIN UNCHANGED.

Date:  July 23, 2004

By   _Robert Hamburger_____
                    Authorized Representative

D&O Policy
Form 17-02-2756 (Ed. 6-01)

Page 1



**CHUBB**

Effective date of
this endorsement:  February 15, 2004

Federal Insurance Company

Endorsement No.:  12

To be attached to and form a part of Policy
Number:        7023-4658

Issued to:  MBIA, INC.

### MODIFIED REPORTING AND NOTICE ENDORSEMENT

It is agreed that Section 11., Reporting and Notice, is deleted in its entirety and replaced with the following:

Reporting and Notice

11.    The Insured Persons and the Organization shall, as a condition precedent to exercising their rights under this Policy, give to the Company written notice as soon as practicable after the Office of the General Counsel or the Office of the Risk Manager first became aware, but in no event later than the ninety (90) days after the termination of the Policy Period, of any Claim made against the Insured Persons for a Wrongful Act.

If an Insured Person or the Organization becomes aware of circumstances which could give rise to a Claim and gives written notice of such circumstances to the Company during the Policy Period, then any Claims subsequently arising from such circumstances shall be considered to have been made during the Policy Period in which the circumstances were first reported to the Company.

The Insured Persons and/or the Organization shall, as a condition precedent to exercising their rights under this Policy, give to the Company such information and cooperation as it may reasonably require, including but not limited to a description of the Claim or circumstances, the nature of the alleged Wrongful Act, the nature of the alleged or potential damage, the names of actual or potential claimants, and the manner in which the Insured Person and/or the Organization first became aware of the Claim or circumstances.

ALL OTHER TERMS AND CONDITIONS OF THIS POLICY REMAIN UNCHANGED.

Date:  July 23, 2004                          By_____
                                                         Authorized Representative



CHUBB

Effective date of
this endorsement:  February 15, 2004

Federal Insurance Company

Endorsement No.:   13

To be attached to and form a part of Policy
Number:       7023-4658

Issued to:   MBIA, INC.

## SHARED AGGREGATE LIMITS ENDORSEMENT

It is agreed that in addition to this Policy, the Company has issued to the Insured all Policies and Bonds listed below. It is expressly acknowledged by the Insured that the premium for this Policy and all Policies and Bonds listed below has been negotiated with the understanding that this Policy and all Policies and Bonds listed below combine and share a single aggregate limit of liability. Therefore, in consideration of the premium charged:

1.    The Company and the Insured agreed that the Company's maximum aggregate limit of liability for all Loss under this Policy, and for all payments of Loss under all Policies and Bonds listed below, in the aggregate, shall not exceed $15,000,000.

2.    It is agreed that the Company shall have no obligation under this Policy to make any payment of Loss to the extent that the amount of such Loss, when added to the amount of any Loss paid under this Policy and any Loss paid under any Policies and Bonds listed below, would exceed $15,000,000. Any payment of Loss under any Policies and Bonds listed below shall reduce the Limits of Liability available under this Policy for the payment of any Loss during the Policy Period.

3.    If the Company shall have paid Loss under this Policy and Loss under any Policies and Bonds listed below in an aggregate amount equaling $15,000,000, any and all obligations of the Company under this Policy and the Policies and Bonds listed below shall be completely fulfilled and extinguished, and the Company shall have no further obligations of any kind or nature under this Policy and the Policies and Bonds listed below.

4.    If a Loss is covered by this Policy and one or more of the Policies and Bonds listed below, and if more than one deductible amount applies to such Loss, the largest applicable deductible amount shall be the deductible amount applicable to such Loss.

| Policy/Bond Type | Policy/Bond Number |
|---|---|
| Executive Liability & Indemnification (D&O) | 70234658 |
| E&O Insurance Company (ICPL) | 70234664 |
| Investment Advisers E&O | 70234659 |
| Employment Practices Liability (EPL) | 70234660 |
| Fiduciary liability | 70234661 |
| Investment Company Asset Protection (ICAP-PL) | 68004516 |

General Use
Form 17-02-5152 (Ed. 5-03)

Page 1


CHUBB

| Insurance Company Bond (Form C-2) | 81844504 |
| Electronic & Computer Crime (ECCP) | 81844505 |
| Insurance Company Bond (Form C-2) | 81942818 |

For the purposes of this Endorsement, Loss shall include Loss as defined in this Policy and any Bond or Policy listed above and Single Loss as defined in any Bond listed above.

THIS ENDORSEMENT DOES NOT INCREASE THE LIMITS OF LIABILITY, AS SET FORTH IN THE DECLARATIONS.

General Use
Form 17-02-5152 (Ed. 5-03)

Page 2


CHUBB

Name and Address of Insured:

MBIA, INC.
c/o C T Corp System, One Commercial Plaza
Hartford, CT 06103

_____
Signature of Insured's Representative

_____
Position/Title

_____
Date

ALL OTHER TERMS AND CONDITIONS OF THIS POLICY REMAIN UNCHANGED.

Date:  July 23, 2004                                    By _____
                                                              Authorized Representative



Effective date of
this endorsement:  February 15, 2004

Federal Insurance Company

Endorsement No.:   14

To be attached to and form a part of Policy
Number:          7023-4658

Issued to:  MBIA, INC.

## AMEND TERMINATION OF POLICY ENDORSEMENT

It is agreed that Section 25., Termination of Policy, is amended by deleting paragraph b. in its entirety and
replacing it with the following:

b.    upon expiration of the Policy Period as set forth in ITEM 5. of the Declarations of this Policy; or

ALL OTHER TERMS AND CONDITIONS OF THIS POLICY REMAIN UNCHANGED.

Date:  July 23, 2004

By _____
                Authorized Representative

D&O Policy
Form 17-02-5546 (Ed. 9-03)

Page 1



CHUBB

Effective date of
this endorsement:  February 15, 2004

Federal Insurance Company

Endorsement No.:   15

To be attached to and form a part of Policy
Number:            7023-4658

Issued to:  MBIA, INC.

## AMEND SECTION 18. ENDORSEMENT

It is agreed that the last sentence of Section 18., Representations and Application Form, is deleted in its
entirety  and replaced with the following:

All such particulars and statements shall be deemed to be made by each and every one of the **Insured
Persons** provided, however, that in the event that any of the statements, representations or information in
the Application Form are not true and accurate:

a.   Insuring Clause 2, (and any other Insuring Clause added by endorsement hereto) shall be void with
     respect to (i) any **Insured Person** who knew as of the effective date of the Application Form the
     facts that were not truthfully and accurately disclosed (whether or not the **Insured Person** knew of
     such untruthful disclosure in the Application Form), (ii) any **Insured Person** to whom, and any
     **Organization** to which, knowledge of such facts is imputed, and (iii) any **Organization** to the extent
     it indemnifies an **Insured Person** who had knowledge of such facts or to whom knowledge of such
     facts is imputed, whether or not knowledge of such facts is also imputed to that **Organization**.  For
     purposes of the preceding sentence, knowledge shall be imputed as follows:

     i.    the knowledge of any **Insured Person** who is a past, present or future chief financial officer,
           in-house general counsel, chief executive officer, president or chairperson of an. **Organization**
           shall be imputed to such **Organization** and its **Subsidiaries**;

     ii.   the knowledge of the person(s) who signed the Application Form for this Policy shall be
           imputed to all of the **Insureds**; and

     iii.  except as provided in a.i. above, the knowledge of an **Insured Person** who did not sign the
           Application Form shall not be imputed to any other **Insured**.

b.   Insuring Clause 1 of this Policy shall be void with respect to any **Insured Person** who knew as of
     the effective date of the Application Form the facts that were not truthfully and accurately disclosed
     (whether or not the **Insured Person** knew of such untruthful disclosure in the Application Form).
     Insuring Clause 1 shall not be rescinded with respect to any **Insured Person** who, as of the
     effective date of the Application Form, did not know the facts that were not truthfully and accurately
     disclosed in the Application Form.  For purposes of this paragraph b., no knowledge possessed by
     an **Insured Person** shall be imputed to any other **Insured Person**.

ALL OTHER TERMS AND CONDITIONS OF THIS POLICY REMAIN UNCHANGED.

Date:  July 23, 2004

By_____
          Authorized Representative

D&O Policy
Form 17-02-5677 (Ed. 1-04)

Page 1


CHUBB

Effective date of
this endorsement:  February 15, 2004

Federal Insurance Company

Endorsement No.:   16

To be attached to and form a part of Policy
Number:          7023-4658

Issued to:  MBIA, INC.

### ABSOLUTE LATE TRADING, MARKET TIMING, FAIR VALUATION
### AND SELECTIVE DISCLOSURE EXCLUSION ENDORSEMENT

It is agreed that the Company shall not be liable for Loss on account of any Claim based upon, arising from, or in consequence of:

 i.   any actual or alleged late trading of shares of any investment company;

 ii.  any actual or alleged market timing of shares of any investment company;

 iii. fair valuation or any actual or alleged failure to apply fair valuation to any portfolio securities held by any investment company; or

 iv.  any actual or alleged selective disclosure of portfolio holdings of any investment company

including, but not limited to, any Claim based upon, arising from or in consequence of any actual or alleged misstatement, misleading statement, or omission in any investment company's disclosure or other public statements, with respect to any of the foregoing.

ALL OTHER TERMS AND CONDITIONS OF THIS POLICY REMAIN UNCHANGED.

Date: July 23, 2004

By _____
        Authorized Representative

Form 17-02-6032 (Ed. 3/2004) rev.

Page 1



**CHUBB**

Effective date of
this endorsement:  February 15, 2004

Federal Insurance Company

Endorsement No.:  17

To be attached to and form a part of Policy
Number:          7023-4658

Issued to:  MBIA, INC.

## AMENDED DECLARATIONS - DEDUCTIBLE AMOUNTS ENDORSEMENT

It is agreed that ITEM 4. of the Declarations, Deductible Amounts, is deleted in its entirety and replaced
with the following:

ITEM 4.     Deductible Amounts:

| | | | |
|---|---|---|---|
| Insuring Clause 1 | (A) | $0 | Each Person Insured |
| | (B) | $0 | All Insured Persons |
| Insuring Clause 2 | (C) | $0 | Executive Indemnification |
| Insuring Clause 3 | (D) | $2,500,000 | Entity Coverage for Securities Claims |

ALL OTHER TERMS AND CONDITIONS OF THIS POLICY REMAIN UNCHANGED.

Date:  July 23, 2004                                  By _____
                                                          Authorized Representative

Form 17-02-6565  (Ed. 5/2004)                                              Page 1



**CHUBB**

Effective date of
this endorsement:  February 15, 2004

Federal Insurance Company

Endorsement No.:   18

To be attached to and form a part of Policy
Number:        7023-4658

Issued to:  MBIA, INC.

### ENTITY COVERAGE FOR SECURITIES CLAIMS ENDORSEMENT – PREDETERMINED ALLOCATION

It is agreed that:

1.   This Policy is amended by adding the following Insuring Clause:

Insuring Clause 3

Organization Coverage

The Company shall pay on behalf of any Organization all Securities Loss for which it becomes legally obligated to pay on account of any Securities Claim first made against it during the Policy Period or, if exercised, during the Extended Reporting Period, for a Wrongful Act by any Insured Person or the Organization before or during the Policy Period.

2.   Section 27., Definitions, is amended as follows:

a.   Only as respects coverage under Insuring Clause 3, the definition Wrongful Act is deleted and replaced with the following:

Wrongful Act means for purposes of coverage under Insuring Clause 3 any error, misstatement, misleading statement, act, omission, neglect, or breach of duty committed, attempted, or allegedly committed or attempted, by any Insured Person or Organization based upon, arising from, or in consequence of a Securities Transaction.



b.   The following definitions are added:

**Securities Transaction** means the purchase or sale of, or offer to purchase or sell, any securities issued by any Organization.

With respect to Insuring Agreements 1,2,3 and 4 **Securities Claim** means:

i.     a written demand for monetary damages,

ii.    a civil proceeding commenced by the service of a complaint or similar pleading,

iii.   a formal or informal administrative or regulatory proceeding or inquiry commenced by the filing of a notice of charges, formal or informal investigative order or similar document,

iv.    a criminal proceeding commenced by the return of an indictment,

which, in whole or in part, is based upon, arises from or is in consequence of the purchase or sale of, or offer to purchase or sell, any securities issued by the Organization.

**Securities Loss** means the total amount which any Insured Person, solely or jointly with the Organization, becomes legally obligated to pay on account of a Securities Claim, including but not limited to, damages, punitive or exemplary damages, judgments, settlements, costs and Securities Defense Costs.

**Securities Loss** does not include:

i.     any amount not indemnified by the Organization for which an Insured Person is absolved from payment by reason of any covenant agreement or court order,

ii.    any amount incurred by the Organization (including its board of directors or any committee or the board of directors) in connection with the investigation or evaluation of any Securities Claim or potential Securities Claim by or on behalf of the Organization,

iii.   fines or penalties (including punitive and exemplary damages) imposed by law or the multiplied portion of any multiplied damage award, or

v.     matters uninsurable under the law pursuant to which this Policy is construed.

For the purpose of resolving any dispute between the company and the Organization regarding whether the punitive or exemplary damages specified above are insurable under this policy, the law of jurisdiction most favorable to the insurability of those damages shall control, provided that such law controls the interpretation of this Policy.

**Securities Defense Costs** means that part of Securities Loss consisting of reasonable costs, charges, fees (including but not limited to attorney's fees and experts' fees) and expenses (other than regular or overtime wages, salaries or fees of the directors, officers or employees of the Organization) incurred in defending or investigating Securities Claims and the premium for appeal, attachment or similar bonds.

c.   The definition of Insured Person is amended by adding the following:

**Insured Person** also means:

i.     for purposes of coverage under Insuring Clause 1 or 2, any past, present and future employee of the Organization, but only for Wrongful Acts based upon, arising from or in consequence of any Securities Transaction, and

ii.    for purposes of coverage under Insuring Clause 3, the Organization.

3.      The heading and first line of Section 4. are deleted in their entirety and replaced with the following:



Exclusions Applicable to All Insuring Clauses

4.    The Company shall not be liable for Loss on account of any Claim:

4.    Section 4., Exclusions Applicable to All Insuring Clauses, is amended by adding the following to paragraph c.:

iv.    a Securities Claim that is brought by any Insured Person identified in Section 2.c.i. of this endorsement for any Wrongful Act based upon, arising from or in consequence of any Securities Transaction.

5.    Exclusions is amended by adding the following:

Exclusions Applicable to Insuring Clause 3

5.A.   The Company shall not be liable under Insuring Clause 3 for Loss on account of any Claim made against any Organization based upon, arising from, or in consequence of any deliberately fraudulent act or omission or any willful violation of any statute or regulation by any past, present or future chief financial officer, President or Chairman if a final adjudication adverse to the Organization establishes such a deliberately fraudulent act or omission or willful violation.

5.B.   The Company shall not be liable under Insuring Clause 3 for that part of Loss, other than Defense Costs:

a.    which is based upon, arises from, or is in consequence of the actual or proposed payment by any Organization of allegedly inadequate or excessive consideration in connection with its purchase of securities issued by any Organization; or

b.    which is based upon, arises from, or is in consequence of any Organization having gained in fact, if established by an independent finding of fact, any profit or advantage to which it was not legally entitled.

6.    Section 7., Limit of Liability, Deductible and Coinsurance, is deleted in its entirety and replaced with the following:

Limit of Liability, Deductible and Coinsurance

7.    All Loss, including Securities Loss, arising out of the same Wrongful Act and all Interrelated Wrongful Acts of any Insured Persons shall be deemed one Loss, and such Loss shall be deemed to have originated in the earliest Policy Period in which a Claim is first made against any Insured Person alleging any such Wrongful Act or Interrelated Wrongful Acts.

The Company's maximum liability for each Loss, whether covered under one or more Insuring Clauses, shall be the Limit of Liability for each Loss set forth in ITEM 2.(A) of the Declarations for this Policy. The Company's maximum aggregate liability for all Loss on account of all Claims first made during the same Policy Period, whether covered under one or more Insuring Clauses, shall be the Limit of Liability for each Policy Period set forth in ITEM 2.(B) of the Declarations for this Policy.

The Company's liability under Insuring Clause 2 or Insuring Clause 3 shall apply only to that part of each Loss, including Securities Loss, which is excess of the Deductible Amount set forth in ITEM 4.(C) of the Declarations for this Policy, and such Deductible Amount shall be borne by the Organization uninsured and at its own risk.



The maximum Deductible Amount applicable to a single Loss, Including Securities Loss, which is covered under more than one Insuring Clause shall be the amount set forth in ITEM 4. of the Declarations for this Policy.

With respect to all Loss (excess of the Deductible Amount) originating In any one Policy Period, the Insured Persons and the Organization shall bear uninsured and at their own risk that percent of all such Loss specified as the Coinsurance Percent in ITEM 3. of the Declarations, and the Company's liability hereunder shall apply only to the remaining percent of all such Loss.

The Limit of Liability available during the Extended Reporting Period, if exercised, shall be the remaining portion, if any, of the Aggregate Limit of Liability provided by the immediately preceding Policy Period.

7.   The first paragraph of Section 10. Allocation, is deleted in its entirety and replaced with the following:

If Securities Loss covered and not covered by this Policy either because a Securities Claim against Insured Persons includes both covered and uncovered matters or because a Securities Claim is made both against an Insured Person and the Organization, then the Insured Persons, the Organization and the Company shall allocate such amount to Loss as follows:

   a.   100% allocation of Securities Defense Costs, which the Company shall advance on a current basis; and

   b.   100% allocation of Securities Loss other than Securities Defense Costs.

If both Loss, other than Securities Loss, covered by this Policy and loss not covered by this Policy, are incurred, either because a Claim against the Insured Persons includes both covered and uncovered matters, or because a Claim is made against both an Insured Person and others, including the Organization, then the Insured Persons, the Organization and the Company shall allocate such amount between covered Loss and uncovered loss based upon the relative legal exposures of such parties to such matters.

8.   For purposes of coverage under Insuring Clause 3 only, Section 18., Representations and Application Form, is amended by adding the following:

The knowledge of any insured Person who is a past, present or future chief financial officer, in-house general counsel, chief executive officer, president or chairman of an Organization shall be imputed to such Organization and its Subsidiaries.

9.   For purposes of coverage under Insuring Clause 3 only, Section 6., Severability of Exclusions, is deleted in its entirety and replaced with the following:

Severability of Exclusions

   6.   With respect to the exclusions in Sections 4., 5.A. and 5.B., only facts pertaining to and knowledge possessed by any past, present and future chief financial officer, President or Chairman of any Organization shall be imputed to any Organization to determine if coverage is available for such Organization.



10. For purposes of coverage for employees who are Insured Persons pursuant to paragraph 2.c.i. of this endorsement, Section 8., Presumptive Indemnification, is amended as follows:

    a.    Paragraph b. is deleted in its entirety and replaced with the following:

        b.    is permitted or required to indemnify the Insured Person for such Loss to the fullest extent permitted or required by law;

b. The final paragraph in the Section is deleted in its entirety and replaced with the following:

    For purposes of this Section 8., the shareholder and board of director resolutions of the **Organization** shall be deemed to provide indemnification for such Loss to the fullest extent permitted by common or statutory law.

ALL OTHER TERMS AND CONDITIONS OF THIS POLICY REMAIN UNCHANGED.

Date: July 23, 2004

By    _Robert Hamburger_

                  Authorized Representative



CHUBB

Effective date of
this endorsement:  February 15, 2004

Federal Insurance Company

Endorsement No.:  19

To be attached to and form a part of Policy
Number:        7023-4658

Issued to:  MBIA, INC.

AMENDED DEFINITION OF CLAIM

It is agreed that the definition of Claim of Section 27., Definitions, is deleted in its entirety and replaced
with the following:

Claim means:

a. a written demand for monetary damages;

b. a civil proceeding commenced by the service of a complaint or similar pleading;

c. a criminal proceeding commenced by a return of an indictment,

d.   a formal administrative or regulatory proceeding commenced by the filing of a notice of charges,
           formal investigative order or similar document, or

e.   an informal administrative or regulatory proceeding or inquiry commenced by the filing of a
        notice of charges, formal or informal investigative order or similar document, as it relates solely to
        a Securities Claim,

against any Insured for a Wrongful Act, including any appeal therefrom.

ALL OTHER TERMS AND CONDITIONS OF THIS POLICY REMAIN UNCHANGED.

Date:  July 23, 2004

By _____
              Authorized Representative

DFIMBIA21 (7/2004)

Page 1



CHUBB

Effective date of
this endorsement:  February 15, 2004

Federal Insurance Company

Endorsement No.:   20

To be attached to and form a part of Policy
Number:            7023-4658

Issued to:  MBIA, INC.

## AMEND SECTION 5 ENDORSEMENT

It is agreed that Section 5., Exclusions Applicable Only to Insuring Clause 1, is deleted in its entirety and replaced with the following:

Additional Exclusions Applicable to Insuring Clauses 1 and 2

5.   The Company shall not be liable for Loss on account of any Claim made against any Insured Person:

   a.   for an accounting of profits made from the purchase or sale by such Insured Person of securities of the Organization within the meaning of Section 16b. of the Securities Exchange Act of 1934 and amendments thereto or similar provisions of any federal, state or local statutory law or common law;

   b.   based upon, arising from, or in consequence of any dishonest, deliberately criminal or deliberately fraudulent act or omission or any willful violation of any statute, or regulation by such Insured Person, provided, however, that this exclusion shall not apply unless it has been finally adjudicated that such Claim was brought about or contributed to by a dishonest, deliberately criminal or deliberately fraudulent act or omission or any willful violation of any statute or regulation by the Insured Person; or

   c.   based upon, arising from, or in consequence of such Insured Person having gained in fact any personal profit, remuneration or advantage to which such Insured Person was not legally entitled, if it is established by an independent finding of fact that such conduct did occur.

ALL OTHER TERMS AND CONDITIONS OF THIS POLICY REMAIN UNCHANGED.

Date:  July 23, 2004

By _____
          Authorized Representative

Form DFIMBIA27 (Ed. 7/2004)                                      Page 1



Effective date of
this endorsement:  February 15, 2004

Federal Insurance Company

Endorsement No.:  21

To be attached to and form a part of Policy
Number:          7023-4658

Issued to:  MBIA, INC.

## AMENDED SECTION 27. DEFINITIONS

It is agreed that:

1.  Each iteration of the term "Application Form" in Section 18. Representations and Application Form is
    deleted and replaced by the term "Application."

2.  Section 27. Definitions is amended to include the following:

    Application means all signed applications, including attachments and other materials submitted
    therewith or incorporated therein, submitted by the Insureds to the Company for this Policy or for
    any policy of which this Policy is a direct or indirect renewal or replacement. In no event, shall the
    Application include publicly filed documents by the Company more than twelve (12) months prior
    to the inception of this Policy.

    Application also shall include, but is not limited to, the following documents: (i) the Annual Report (including
    financial statements) last issued to shareholders before this policy's inception date; (ii) the report
    last filed with the Securities and Exchange Commission on Form 10-K before this policy's
    inception date; (iii) the report last filed with the Securities and Exchange Commission on Form 10-
    Q before this policy's inception date; (iv) the proxy statement and (if different) definitive proxy
    statement last filed with the Securities and Exchange Commission before this policy's inception
    date; (v) all reports filed with the Securities and Exchange Commission on Form 8-K during the
    twelve months preceding this policy's inception date; and (vi) all reports filed with the Securities
    and Exchange Commission on Schedule 13D, with respect to any equity securities of such
    Organization, during the twelve months preceding this policy's inception date. All such
    applications, attachments, materials and other documents are deemed attached to, incorporated
    into and made a part of this Policy.

ALL OTHER TERMS AND CONDITIONS OF THIS POLICY REMAIN UNCHANGED.

Date:  July 23, 2004

By _____

_Authorized Representative_



**CHUBB**

Effective date of
this endorsement:  February 15, 2004

Federal Insurance Company

Endorsement No.:  22

To be attached to and form a part of Policy
Number:          7023-4658

Issued to:  MBIA, INC.

### MODIFIED POLLUTION EXCLUSION ENDORSEMENT

It is agreed that Section 4, Exclusions Applicable to All Insuring Clauses is amended by
deleting Exclusion f. and replacing it with the following:

f.     The Company shall not be liable for Loss on account of any Claim based upon, arising
out of, directly or indirectly resulting from, in consequence of, or in any way involving any
actual, alleged or threatened exposure to, or generation, storage, transportation, discharge,
emission, release, dispersal, escape, treatment, removal or disposal of, any smoke, vapors,
soot, fumes, acids, alkalis, toxic chemicals, liquids or gases, waste materials (including
materials which are intended to be or have been recycled, reconditioned or reclaimed) or other
irritants, pollutants or contaminants, or any regulation, order, direction or request to test for,
monitor, clean up, remove, contain, treat, detoxify or neutralize any of the foregoing, or any
action taken in contemplation or anticipation of any such regulation, order, direction or
request.

Including but not limited to any Claim for financial loss to the Organization, its security
holders or its creditors based upon, arising from, or in consequence of the matters described
in the paragraph above. However, the Exclusion shall not apply to Loss

    (a) which is on account of any Claim brought by any shareholder of the Organization
       in his capacity as such, whether in his own right or on behalf of the Organization,
       provided that such Claim is brought and maintained without the assistance,
       participation or solicitation of any Insured Person, and

    (b) for which the Organization either is not permitted or fails by reason of Financial
       Impairment, to indemnify the Insured Person; or

ALL OTHER TERMS AND CONDITIONS OF THIS POLICY REMAIN UNCHANGED.

Date:  July 23, 2004

By_____
                  Authorized Representative



Effective date of
this endorsement:   February 15, 2004

Federal Insurance Company

Endorsement No.:   23

To be attached to and form a part of Policy
Number:          7023-4658

Issued to:   MBIA, INC.

## FAILURE TO MAINTAIN REINSURANCE EXCLUSION

It is agreed that the Company shall not be liable for Loss on account of any Claim based upon, arising
from, or in consequence of the failure or omission to obtain, effect or maintain reinsurance, or to comply
with the terms of any reinsurance agreement. However, this exclusion will not apply to Defense Costs.

ALL OTHER TERMS AND CONDITIONS OF THIS POLICY REMAIN UNCHANGED.

Date:  July 23, 2004

By _____
        Authorized Representative

Form DFIMBIA9 (Ed. 7/2004)

Page 1



Effective date of
this Endorsement: 2/15/04

**FEDERAL INSURANCE COMPANY**

Endorsement No:   24

To be attached to and form part of
Policy Number:      70234658

Issued to:  MBIA, INC.

---

### INVESTIGATIVE COSTS COVERAGE ENDORSEMENT

It is agreed that

1.   The following Insuring Clause is added to this Policy:

Insuring Clause 4

Investigative Costs Coverage

The Company shall pay on behalf of the **Organization** all **Investigation Costs** which such **Organization** becomes legally obligated to pay on account of any **Shareholder Derivative Demand** first made during the **Policy Period** or, if exercised, the Extended Reporting Period, for a **Wrongful Act** committed, attempted, or allegedly committed or attempted, by an **Insured Person** before or during the **Policy Period.**

2.   The heading for Section 4., Exclusions Applicable to Insuring Clauses 1 and 2, is deleted in its entirety and replaced with the following:

Exclusions Applicable to All Insuring Clauses

3.   Section 7., Limit of Liability, Deductible and Coinsurance, is amended as follows:

a.   The following is added to the second paragraph:

The Company's maximum liability for all **Investigation Costs** covered under Insuring Clause 4 on account of all **Shareholder Derivative Demands** first made during the same **Policy Period** shall be $200,000.  This is a sublimit which further limits and does not increase the Company's maximum liability under this Policy as set forth in ITEM 2. (B) of the Declarations for this Policy.

b.   The following is added to the third paragraph:

No deductible amount shall apply to **Investigation Costs** covered under Insuring Clause 4.

4.   Section 9., Defense and Settlement, is amended for purposes of coverage under Insuring Clause 4 by deleting the first paragraph in its entirety and replacing it with the following:

Subject to this Section, it shall be the duty of the **Organization** and not the duty of the Company to investigate and evaluate any **Shareholder Derivative Demand.**

5.   Section 27., Definitions, is amended by adding the following:

**Investigation Costs** means reasonable costs, charges, fees (including but not limited to attorney's fees and experts' fees) and expenses (other than regular or overtime wages, salaries or fees of the directors, officers or employees of the **Organization**) incurred by the **Organization** (including its board of directors or any committee of the board of directors) in connection with the investigation or evaluation of any **Shareholder Derivative Demand.**

**Shareholder Derivative Demand** means any written demand, by one or more shareholders of an **Organization**, upon the board of directors of such **Organization**, to bring a civil proceeding in a court of law against any **Insured Person** for a **Wrongful Act** committed, attempted, or allegedly committed or attempted by an **Insured Person** before or during the **Policy Period.**

6.   For purposes of coverage under Insuring Clause 4 only:

a.   all references in this Policy to **Loss** or **Defense Costs** shall only mean **Investigation Costs;** and

b.   all references in this Policy to **Claim** or to **Claim** against any **Insured Person** shall only mean any **Shareholder Derivative Demand.**

ALL OTHER TERMS AND CONDITIONS OF THIS POLICY REMAIN UNCHANGED.

Date: July 23, 2004                          By _____
                                                            Authorized Representative

DFIMBIA25 (Ed. 7-2004)

 **CHUBB**

DFI Primary Professional Liability

PREMIUM BILL

Insured:   MBIA, INC.                                          Date:   07/23/2004

Producer:   AON FINANCIAL SERVICES GROUP, INC
            4100 E MISSISSIPPI #1300
            DENVER, CO 802460000

Company:   Federal Insurance Company

THIS BILLING IS TO BE ATTACHED TO AND FORM A PART OF THE POLICY REFERENCED BELOW.

Policy Number:   7023-4658

Policy Period:   February 15, 2004          to   February 15, 2005

NOTE: - PLEASE RETURN THIS BILL WITH REMITTANCE AND NOTE HEREON ANY CHANGES. BILL WILL BE
RECEIPTED AND RETURNED TO YOU PROMPTLY UPON REQUEST.

PLEASE REMIT TO PRODUCER INDICATED ABOVE.

| COVERAGE | PREMIUM |
|---|---|
| EXECUTIVE LIABILITY & INDEMNIFICATION | $425,000.00 |

| | |
|---|---|
| TOTAL | $425,000.00 |

WHEN REMITTING PLEASE INDICATE POLICY OR CERTIFICATE NUMBER

Form 14-02-1324I (Rev. 1/99)


CHUBB

Effective date of
this endorsement:  February 15, 2004

Federal Insurance Company

Endorsement No.:   25

To be attached to and form a part of Policy
Number:            7023-4658

Issued to:  MBIA, INC.

### DELETE AN ENDORSEMENT

It is agreed that Endorsement Number(s) 17 is deleted in its entirety.

ALL OTHER TERMS AND CONDITIONS OF THIS POLICY REMAIN UNCHANGED.

Date:  August 12, 2004

By _____
        Authorized Representative



Effective date of
this endorsement:  February 15, 2004

Federal Insurance Company

Endorsement No.:   26

To be attached to and form a part of Policy
Number:            7023-4658

Issued to:  MBIA, INC.

### AMENDED DECLARATIONS - DEDUCTIBLE AMOUNTS ENDORSEMENT

It is agreed that ITEM 4. of the Declarations, Deductible Amounts, is deleted in its entirety and replaced
with the following:

ITEM 4.    Deductible Amounts:

| | | |
|---|---|---|
| Insuring Clause 1 | (A) | $0 |
| | (B) | $0 |
| Insuring Clause 2 | (C) | $2,500,000 |
| Insuring Clause 3 | (D) | $2,500,000 |

Each Person Insured
All Insured Persons
Executive Indemnification
Entity Coverage for Securities Claims

ALL OTHER TERMS AND CONDITIONS OF THIS POLICY REMAIN UNCHANGED.

Date:  August 12, 2004

By _____
              Authorized Representative

Form 17-02-6565  (Ed. 5/2004)

Page 1



CHUBB

Effective date of
this endorsement:  February 15, 2004

Federal Insurance Company

Endorsement No.:  27

To be attached to and form a part of Policy
Number:        7023-4658

Issued to:  MBIA, INC.

AMENDED SECTION 4. EXCLUSIONS APPLICABLE TO INSURING CLAUSES 1 AND 2,
PARAGRAPH c. ENDORSEMENT

It is agreed that Section 4. Exclusions Applicable to Insuring Clauses 1 and 2, paragraph c. is amended to
include the following:

iv.   a Claim brought or maintained on behalf of the Organization by a bankruptcy trustee, debtor-in-
      possession or similar official who has been appointed to take control of, supervise, manage or liquidate
      such Organization; provided that such Claim is brought and maintained without the solicitation,
      assistance or participation of any Insured Person;

ALL OTHER TERMS AND CONDITIONS OF THIS POLICY REMAIN UNCHANGED.

Date:  August 12, 2004                          By _____

                                                        Authorized Representative

17-02-6627 (8/2004)                                              Page 1