# EXHIBIT B



**ace usa**

# ACE American Insurance Company

### INTEGRATED EXCESS INSURANCE POLICY

**This Policy is issued by the stock insurance company listed above (herein "Insurer").**

UNLESS OTHERWISE PROVIDED IN THE FOLLOWED POLICY, THIS POLICY IS A CLAIMS MADE POLICY WHICH COVERS ONLY CLAIMS FIRST MADE AGAINST THE INSUREDS DURING THE POLICY PERIOD.  PLEASE READ THIS POLICY CAREFULLY.

### DECLARATIONS

| | | |
|---|---|---|
| **Policy No.** | DOX G21670029 001 | |
| **Item 1.** | Insured Company: | MBIA, Inc |
| | Principal Address: | c/o C T Corp System, One Commericial Plaza |
| | | Hartford, CT 06103 |

**Item 2.  Coverages Provided**

| | |
|---|---|
| Coverage I: | Directors and Officers Liability |
| Coverage II: | Insurance Company Professional Liability |
| Coverage III: | Fiduciary Liability |
| Coverage IV: | Employment Practices Liability |
| Coverage V: | Financial Institution Bond |
| Coverage VI: | Financial Institution Electronic and Computer Crime |
| Coverage VII: | Investment Advisor E&O/D&O |
| Coverage VIII: | Investment Company Asset Protection |

**Item 3.       Schedule of  Followed Policies**

| | Insurer | Number |
|---|---|---|
| **Coverage I:** | Federal Insurance Company | 7023-4658 |
| **Coverage II:** | Chubb Custom Insurance Company | 7023-4664 |
| **Coverage III:** | Federal Insurance Company | 7023-4661 |
| **Coverage IV:** | Federal Insurance Company | 7023-4660 |
| **Coverage V:** | Federal Insurance Company | 8184-4504 |
| **Coverage VI:** | Federal Insurance Company | 8184-4505 |
| **Coverage VII:** | Chubb Custom Insurance Company | 7023-4659 |
| **Coverage VIII:** | Federal Insurance Company | 6800-4516 |

| Item 4. | Policy Period: |
|---|---|
| | From 12:01A.M.     2/15/04         To 12:01 A.M.         2/15/05 |
| | (Local time at the address shown in Item 1.) |

| Item 5. | Aggregate Limit of Liability: |
|---|---|
| | **$ 15,000,000**     for all Loss under all Coverages combined |

| Item 6. | Premium: |
|---|---|
| | $ 880,000 |
| | Discovery Period Premium: 175% of the Policy Period Premium |

| Item 7. | Notice to Insurer:      Director of D&O Claims |
|---|---|
| | ACE American Insurance Company |
| | 140 Broadway, 40th Floor |
| | New York, NY 10005 |
| | |
| | All other Notices:         ACE American Insurance Company |
| | 140 Broadway, 40th Floor |
| | New York, NY 10005 |

**Item 8.**     Schedule of Underlying Policies:

**Coverage I:**

| Insurer | Policy Number | Limits | Primary or Excess | Policy Period |
|---|---|---|---|---|
| 1: Federal Insurance Company | 7023-4658 | $15,000,000 | Primary | 2/15/04 – 2/15/05 |

**Coverage II:**

| Insurer | Policy Number | Limits | Primary or Excess | Policy Period |
|---|---|---|---|---|
| 1:Chubb Custom Insurance Company | 7023-4664 | $15,000,000 | Primary | 2/15/04 – 2/15/05 |

**Coverage III:**

| Insurer | Policy Number | Limits | Primary or Excess | Policy Period |
|---|---|---|---|---|
| 1: Federal Insurance Company | 7023-4661 | $15,000,000 | Primary | 2/15/04 – 2/15/05 |

**Coverage IV:**

| Insurer | Policy Number | Limits | Primary or Excess | Policy Period |
|---|---|---|---|---|
| 1: Federal Insurance Company | 7023-4660 | $15,000,000 | Primary | 2/15/04 – 2/15/05 |

**Coverage V:**

| Insurer | Policy Number | Limits | Primary or Excess | Policy Period |
|---|---|---|---|---|
| 1: Federal Insurance Company | 8184-4504 | $15,000,000 | Primary | 2/15/04 – 2/15/05 |

Coverage VI:

| Insurer | Policy Number | Limits | Primary or Excess | Policy Period |
|---|---|---|---|---|
| 1: Federal Insurance Company | 8184-4505 | $15,000,000 | Primary | 2/15/04 – 2/15/05 |

Coverage VII:

| Insurer | Policy Number | Limits | Primary or Excess | Policy Period |
|---|---|---|---|---|
| 1: Chubb Custom Insurance Company | 7023-4659 | $15,000,000 | Primary | 2/15/04 – 2/15/05 |

Coverage VIII:

| Insurer | Policy Number | Limits | Primary or Excess | Policy Period |
|---|---|---|---|---|
| 1: Federal Insurance Company | 6800-4516 | $15,000,000 | Primary | 2/15/04 – 2/15/05 |

THESE DECLARATIONS, TOGETHER WITH THE COMPLETED AND SIGNED APPLICATION AND THE POLICY FORM ATTACHED HERETO, CONSTITUTE THE INSURANCE POLICY.

DATE: 8/24/04
MO/DAY/YR.

AUTHORIZED REPRESENTATIVE
Gregg C. Rentko, CPCU

INTEGRATED EXCESS INSURANCE POLICY

I.      INSURING CLAUSE

## INTEGRATED EXCESS INSURANCE  POLICY

I.        INSURING CLAUSE

In consideration of the payment of the premium and in reliance upon all statements made in the application including the information furnished in connection therewith, and subject to all terms, definitions, conditions, exclusions and limitations of this policy, the Insurer agrees to provide insurance coverage to the Insureds in accordance with the terms, definitions, conditions, exclusions and limitations of the respective Followed Policy, except as otherwise provided herein.

II.       LIMIT OF LIABILITY

A.      It is expressly agreed that liability for any covered Loss  shall attach to the Insurer only after the insurers of the respective Underlying Policies shall have paid, in the applicable legal currency, the full amount of the Underlying Limit and the Insureds shall have paid the full amount of the uninsured retention, if any, applicable to the primary Underlying Policy.  The Insurer shall then be liable to pay only covered Loss in excess of such Underlying Limit up to its Aggregate Limit of Liability as set forth in Item 5 of the Declarations, which shall be the maximum aggregate liability of the Insurer under this policy with respect to all covered Loss.

B.      In the event and only in the event of the reduction or exhaustion of the Underlying Limit by reason of the insurers of the Underlying Policies paying, in the applicable legal currency, Loss otherwise covered hereunder, then this policy shall, subject to the Aggregate Limit of Liability set forth in Item 5 of the Declarations:  (i) in the event of reduction, pay excess of the reduced Underlying Limit, and (ii) in the event of exhaustion, continue in force as primary insurance; provided always that in the latter event this policy shall only pay excess of the retention applicable to the exhausted primary Underlying Policy, which retention shall be applied to any subsequent Loss in the same manner as specified in such primary Underlying Policy.

C.      Notwithstanding any of the terms of this policy which might be construed otherwise, this policy shall drop down only in the event of reduction or exhaustion of the respective Underlying Limit and shall not drop down for any other reason including, but not limited to, uncollectibility (in whole or in part) of any Underlying Limits. The risk of uncollectibility of such Underlying Limits (in whole or in part) whether because of financial impairment or insolvency of an underlying insurer or for any other reason, is expressly retained by the Insureds and is not in any way or under any circumstances insured or assumed by the Insurer.

III.      DEFINITIONS

A.      The term  "Loss" has the same meanings in this policy as are attributed to them in the respective Followed Policy.  The terms "Insurer", "Followed Policy", "Underlying Policies", "Policy Period" and "Aggregate Limit of Liability"  have the meanings attributed to them in the Declarations.

B.      The term "Insureds " means those individuals and entities insured by the respective Followed Policy.

C.      The term "Policy Period" means the period set forth in Item 4 of the Declarations, subject to prior termination.

D.      The term "Underlying Limit" means, with respect to each type of coverage afforded by this policy, an amount equal to the aggregate of all limits of liability as set forth in Item 8 of the Declarations for all Underlying Policies affording such coverage, plus the uninsured retention, if any, applicable to the primary Underlying Policy affording such coverage.

IV.      UNDERLYING INSURANCE

A.      This policy is subject to the same representations as are contained in the Application for any Underlying Policy and the same terms, definitions, conditions, exclusions and limitations (except as regards the premium, the limits of liability, the policy period and except as otherwise provided herein) as are contained in or as may be added to the respective Followed Policy and, to the extent coverage is further limited or restricted thereby, to any other Underlying Policies.  In no event shall this policy grant broader coverage than would be provided by any of the Underlying Policies.

B.      It is a condition of this policy that the Underlying Policies shall be maintained in full effect with solvent insurers during the Policy Period except for any reduction or exhaustion of the aggregate limits contained therein by reason of Loss paid thereunder (as provided for in Section II (B) above).  If the Underlying Policies are not so

maintained, the Insurer shall not be liable under this policy to a greater extent than it would have been had such Underlying Policies been so maintained.

C.  If during the Policy Period or any Discovery Period the terms, definitions, conditions, exclusions or limitations of the Followed Policy are changed in any manner, the Insureds shall as a condition precedent to coverage under this policy give to the Insurer written notice of the full particulars thereof as soon as practicable but in no event later than 30 days following the effective date of such change. This policy shall become subject to any such changes upon the effective date of the changes in the Followed Policy, provided that the Insureds shall pay any additional premium reasonably required by the Insurer for such changes.

D.  As a condition precedent to coverage under this policy, the Insureds shall give to the Insurer as soon as practicable written notice and the full particulars of (i) the exhaustion of the aggregate limit of liability of any Underlying Policy, (ii) any Underlying Policy not being maintained in full effect during the Policy Period, or (iii) an insurer of any Underlying Policy becoming subject to a receivership, liquidation, dissolution, rehabilitation or similar proceeding or being taken over by any regulatory authority.

## V.  GENERAL CONDITIONS

A.  Discovery Period Premium:  If the Insureds elect a discovery period or extended reporting period ("Discovery Period") as set forth in the respective Followed Policy following the cancellation or non-renewal of this policy, the Insureds shall pay to the Insurer the additional premium set forth in Item 6 of the Declarations.

B.  Application of Recoveries:  All recoveries or payments recovered or received subsequent to a Loss settlement under this policy shall be applied as if recovered or received prior to such settlement and all necessary adjustments shall then be made between the Insureds and the Insurer, provided always that the foregoing shall not affect the time when Loss under this policy shall be payable.

C.  Notice:  All notices under this policy shall be given as provided in the respective Followed Policy and shall be properly addressed to the appropriate party at the respective address as shown in the Declarations.

D.  Cooperation:  The Insureds shall give the Insurer such information and cooperation as it may reasonably require.

E.  Claim Participation:  The Insurer shall have the right, but not the duty, and shall be given the opportunity to effectively associate with the Insureds in the investigation, settlement or defense of any Claim even if the applicable Underlying Limit has not been exhausted.

F.  Changes and Assignment:  Notice to or knowledge possessed by any person shall not effect waiver or change in any part of this policy or estop the Insurer from asserting any right under the terms of this policy. The terms, definitions, conditions, exclusions and limitations of this policy shall not be waived or changed, and no assignment of any interest under this policy shall bind the Insurer, except as provided by endorsement issued to form a part hereof, signed by the Insurer or its authorized representative.

G.  Headings:  The descriptions in the headings and sub-headings of this policy are inserted solely for convenience and do not constitute any part of the terms or conditions hereof.

In Witness Whereof, the Company has caused this policy to be signed by its President and Secretary but this policy shall not be valid unless completed by the attachment hereto of a Declaration Page and signed by a duly authorized representative of the company.

_____
Secretary

_____
President
Gregg C. Rentko, CPCU

# SIGNATURES

| Named Insured<br>**MBIA, Inc.** | | | Endorsement Number<br>**1** |
|---|---|---|---|
| Policy Symbol<br>**DOX** | Policy Number<br>**G21670029 001** | Policy Period<br>**02/15/2004  to 02/15/2005** | Effective Date of Endorsement<br>**02/15/2004** |
| Issued By (Name of Insurance Company)<br>**ACE American Insurance Company** | | | |

THE ONLY SIGNATURES APPLICABLE TO THIS POLICY ARE THOSE REPRESENTING THE COMPANY NAMED ON THE FIRST PAGE OF THE DECLARATIONS.

By signing and delivering the policy to you, we state that it is a valid contract.

**INDEMNITY INSURANCE COMPANY OF NORTH AMERICA**
1601 Chestnut Street, P.O. Box 41484, Philadelphia, Pennsylvania 19101-1484

**BANKERS STANDARD FIRE AND MARINE COMPANY**
1601 Chestnut Street, P.O. Box 41484, Philadelphia, Pennsylvania 19101-1484

**BANKERS STANDARD INSURANCE COMPANY**
1601 Chestnut Street, P.O. Box 41484, Philadelphia, Pennsylvania 19101-1484

**ACE INDEMNITY INSURANCE COMPANY**
1601 Chestnut Street, P.O. Box 41484, Philadelphia, Pennsylvania 19101-1484

**ACE AMERICAN INSURANCE COMPANY**
1601 Chestnut Street, P.O. Box 41484, Philadelphia, Pennsylvania 19101-1484

**ACE PROPERTY AND CASUALTY INSURANCE COMPANY**
1601 Chestnut Street, P.O. Box 41484, Philadelphia, Pennsylvania 19101-1484

**INSURANCE COMPANY OF NORTH AMERICA**
1601 Chestnut Street, P.O. Box 41484, Philadelphia, Pennsylvania 19101-1484

**PACIFIC EMPLOYERS INSURANCE COMPANY**
1601 Chestnut Street, P.O. Box 41484, Philadelphia, Pennsylvania 19101-1484

**ACE FIRE UNDERWRITERS INSURANCE COMPANY**
1601 Chestnut Street, P.O. Box 41484, Philadelphia, Pennsylvania 19101-1484

GEORGE D. MULLIGAN, Secretary          SUSAN RIVERA, President

**WESTCHESTER FIRE INSURANCE COMPANY**
1133 Avenue of the Americas, 32nd Floor, New York, NY 10036

GEORGE D. MULLIGAN, Secretary          BRIAN E. DOWD, President

Authorized Agent
Gregg C. Rentko, CPCU

CC-1K11d  (04/02) Ptd.in U.S.A.

# Waiver of Application

| Named Insured<br>**MBIA, Inc.** | | | Endorsement Number<br>**2 (revised)** |
|---|---|---|---|
| Policy Symbol<br>**DOX** | Policy Number<br>**G21670029 001** | Policy Period<br>**02/15/2004  to 02/15/2005** | Effective Date of Endorsement<br>**02/15/2004** |
| Issued By (Name of Insurance Company)<br>**ACE American Insurance Company** | | | |

It is hereby understood that the Insurer has relied upon the statements and representations contained in the below referenced application (including materials submitted thereto and, if such application is a renewal application, all such previous policy applications, and their attachments and materials, for which this policy is a renewal or succeeds in time) as being accurate and complete.  It is further agreed that the Named Insured and the Insureds warrant and represent to the Insurer that the statements and representations made in such application were accurate on the date such representations and statements were so given and that in connection therewith the Insureds hereby reaffirm each and every statement made in the application to the carrier scheduled below as accurate as of February 15, 2004 as if it was made to the Insurer on such date.  All such statements and representations shall be deemed to be material to the risk assumed by the Insurer, are the basis of this policy and are to be considered incorporated into this policy.

TYPE OF APPLICATION:   Executive Liability
CARRIER:                       Chubb
DATE SIGNED:              2/17/04

TYPE OF APPLICATION:   Insurance Company
                                      Professional Liability
CARRIER:                       Chubb
DATE SIGNED:              2/17/04

TYPE OF APPLICATION:   Employment Practices
                                      Liability
CARRIER:                       Chubb
DATE SIGNED:              2/18/04

TYPE OF APPLICATION:   Fiduciary Liability
CARRIER:                       Chubb
DATE SIGNED:              2/18/04

TYPE OF APPLICATION:   Financial Insitution
                                      Bond
CARRIER:                       Chubb
DATE SIGNED:              2/17/04

TYPE OF APPLICATION:   Investment Advisers
                                      Errors and Omissions
                                      - MBIA Inc. (For MBIA
                                      Investment Management
                                      Corp and MBIA Captial
                                      Management Corp)
CARRIER:                       Chubb
DATE SIGNED:              2/15/04

TYPE OF APPLICATION:   Financial Insitution
                                      Electronic and Computer
                                      Crime
CARRIER:                       Chubb
DATE SIGNED:              2/15/04

TYPE OF APPLICATION:   Investment Company
                                      Professional Liability
CARRIER:                       Chubb
DATE SIGNED:              2/15/04

TYPE OF APPLICATION:   Investment Advisers
                                      Errors and Omissions
                                      - 1838 Investment Advisors
                                      LLC
CARRIER:                       Chubb
DATE SIGNED:              2/17/04

ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED

Gregg C. Rentko, CPCU
Authorized Agent

CC-1e15 Printed in U.S.A.

# Prior and Pending Litigation

| Named Insured | | | Endorsement Number |
|---|---|---|---|
| MBIA, Inc. | | | 3 |
| Policy Symbol | Policy Number | Policy Period | Effective Date of Endorsement |
| DOX | G21670029 001 | 02/15/2004  to 02/15/2005 | 02/15/2004 |
| Issued By (Name of Insurance Company) | | | |
| ACE American Insurance Company | | | |

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

It is hereby understood that the Insurer shall not be liable for Loss on account of any claim made against any Insured based upon, arising out of, or attributable to any prior or pending litigation against any Insured filed on or before May 8, 1987 for the Directors & Officers Liability Coverage Part, February 15, 2001 for the Insurance Company Professional Liability Coverage Part, October 10, 2000 for the Investment Advisers E&O/D&O Coverage Part, February 15, 2001 for the Employment Practices Coverage Part, February 15, 2001 for the Fiduciary Liability Coverage Part and October 10, 2000 for the Investment Company Asset Protection Coverage Part, or the same or substantially the same fact, circumstance or situation underlying or alleged therein.

ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED

Gregg C. Rentko, CPCU

Authorized Agent

CC-1e15 Printed in U.S.A.

# POLICYHOLDER DISCLOSURE NOTICE
# OF TERRORISM INSURANCE COVERAGE

| Named Insured<br>**MBIA, Inc.** | | | | Endorsement Number<br>**4** |
|---|---|---|---|---|
| Policy Symbol<br>**DOX** | Policy Number<br>**G21670029 001** | Policy Period<br>**02/15/2004  to 02/15/2005** | | Effective Date of Endorsement<br>**02/15/2004** |
| Issued By (Name of Insurance Company)<br>**ACE American Insurance Company** | | | | |

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

You should be aware that under the Terrorism Risk Insurance Act of 2002 ("The Act") effective November 26, 2002, any losses caused by certified acts of terrorism under your existing coverage may be partially reimbursed by the United States under a formula established by federal law (applicability is subject to the terms and conditions of each individual policy). The Act was specifically designed to address the ability of businesses and individuals to obtain property and casualty insurance for terrorism and to protect consumers by addressing market disruptions and ensure the continued availability of terrorism coverage.

Under the terms of The Act, you may now have the right to purchase insurance coverage for losses arising out of acts of terrorism, as defined in Section 102(1) of the Act: The term "act of terrorism" means any act that is certified by the Secretary of the Treasury, in concurrence with the Secretary of State, and the Attorney General of the United States to be an act of terrorism; to be a violent act or an act that is dangerous to human life, property; or infrastructure; to have resulted in damage within the United States, or outside the United States in the case of an air carrier or vessel or the premises of a United States mission; and to have been committed by an individual or individuals acting on behalf of any foreign person or foreign interest, as part of an effort to coerce the civilian population of the United States or to influence the policy or affect the conduct of the United States Government by coercion.

Responsibility for Compensation under The Act is shared between insurance companies covered by The Act and the United States. Under the formula set forth in The Act, the United States pays 90% of covered terrorism losses exceeding the statutorily established deductible, which is paid by the insurance company providing the coverage.

We are providing you with the terrorism coverage required by The Act. The premium for the coverage is set forth below.

Terrorism Risk Insurance Act premium: $ 0.

Gregg C. Rentko, CPCU
Authorized Agent

TRIA11 (1/03)

08 Civ. 4313 (RMB) (DFE)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MBIA INC.,

Plaintiff,

-against-

FEDERAL INSURANCE COMPANY and
ACE AMERICAN INSURANCE COMPANY,

Defendants.

AMENDED COMPLAINT

HOWREY LLP
Citigroup Center
153 East 53rd Street
54th Floor
New York, NY 10022
(212) 896-6500