UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X          ECF CASE
MBIA, INC.,

                                     Plaintiff,

                   -against -                                          08 Civ. 4313 (RMB) (DFE)

FEDERAL INSURANCE COMPANY and                           FEDERAL INSURANCE
ACE AMERICAN INSURANCE COMPANY,                         COMPANY'S ANSWER TO
                                                        AMENDED COMPLAINT

                                     Defendant.
------------------------------------------------------------X

        Defendant Federal Insurance Company ("Federal") states the following with respect

to the allegations in the Amended Complaint (the "Complaint").

        1.      The allegations in paragraph 1 are characterizations of plaintiff's claims

and/or conclusions of law to which no responsive pleading is required.  To the extent a

responsive pleading is deemed necessary, Federal denies the allegations in paragraph 1 and

denies that plaintiff is entitled to any relief whatsoever.

        2.      Federal denies the allegations in the first two sentences of paragraph 2.  The

allegations in the third sentence of paragraph 2 relate to a party other than Federal and

therefore do not require a response.  To the extent a response is deemed to be required,

Federal denies the allegations in the third sentence of paragraph 2.

        3.      Federal denies the allegations in paragraph 3.

        4.      The allegations in paragraph 4 are characterizations of the plaintiff's claims

and/or conclusions of law to which no responsive pleading is required.  To the extent a

responsive pleading is deemed necessary, Federal denies the allegations in paragraph 4 and

denies that plaintiff is entitled to any relief whatsoever.

5.    Federal is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 5.

6.    Federal admits the allegations in paragraph 6.

7.    Federal is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 7.

8.    Federal admits the allegations in paragraph 8 as to Federal but is without knowledge or information sufficient to form a belief as to the truth of the allegations as to defendant ACE American Insurance Company ("ACE").

9.    Federal admits the allegations in paragraph 9 as to Federal but is without knowledge or information sufficient to form a belief as to the truth of the allegations as to defendant ACE.

10.    Federal admits the allegations in paragraph 10 as to Federal but is without knowledge or information sufficient to form a belief as to the truth of the allegations as to defendant ACE.

11.    Federal admits the allegations in paragraph 11 as to Federal but is without knowledge or information sufficient to form a belief as to the truth of the allegations as to defendant ACE.

12.    Federal admits that it issued to plaintiff Executive Liability and Indemnification Policy No. 7023-4658 for the **Policy Period** 1/ February 15, 2004 to February 15, 2005, which was later extended to August 15, 2005 (the "Policy"). Federal denies the remaining allegations of paragraph 12 as stated.

---

1/    Words in bold are defined in the Policy.

13.    With respect to the allegations in paragraph 13, Federal states that the Policy speaks for itself and therefore denies the allegations in paragraph 13.

14.    Federal denies the allegations in paragraph 14 as incomplete and, therefore, incorrect, and states that the Policy speaks for itself.

15.    With respect to the allegations in paragraph 15, Federal states that the Policy speaks for itself and therefore denies the allegations in paragraph 15.

16.    Federal admits that plaintiff has accurately quoted the definition of **Claim** as set forth in Endorsement No. 19 of the Policy, except that the last phrase states "against any **Insured** for a **Wrongful Act**, including any appeal therefrom."

17.    Federal denies the allegations in paragraph 17 as incomplete and, therefore, incorrect, and states that the Policy speaks for itself.

18.    Federal admits that Section 27 of the Policy defines the term **Interrelated Wrongful Acts** to be "all causally connected **Wrongful Acts**."

19.    Federal denies the allegations in paragraph 19 as incomplete and, therefore, incorrect, and states that the Policy speaks for itself.

20.    Federal admits that plaintiff has accurately quoted the definition of **Securities Claim** in Endorsement No. 18 of the Policy, except that the last phrase reads "any securities issued by the **Organization**."

21.    With respect to the first sentence of Paragraph 21, Federal admits that plaintiff has accurately quoted the definition of **Defense Costs**.  With respect to the allegations in the second and third sentences of paragraph 21, Federal states that the Policy speaks for itself and therefore denies the allegations in the second and third sentences of paragraph 21 as

3

stated.

22.     Federal denies the allegations in paragraph 22 as incomplete and, therefore, incorrect, and states that the Policy speaks for itself.

23.     The allegations in paragraph 23 relate to a party other than Federal and therefore do not require a response.  To the extent a response is deemed to be required, Federal states that it is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 23.

24.     The allegations in paragraph 24 relate to a party other than Federal and therefore do not require a response.  To the extent a response is deemed to be required, Federal states that the ACE policy speaks for itself and therefore denies the allegations in paragraph 24 as stated.

25.     Federal denies the allegations in paragraph 25.

26.     The allegations of paragraph 26 state legal conclusions that do not require a response.  To the extent that a response is deemed to be required, Federal admits that plaintiff has paid all premiums due to Federal in connection with the Policy and denies the remaining allegations in paragraph 26.

27.     Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27.

28.     Federal admits the Securities Exchange Commission ("SEC") has made findings that appear to be consistent with the allegations in paragraph 28.  Federal is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 28.

29.     Federal admits that the SEC issued an Order dated March 9, 2001 Directing
Private Investigation and Designating Officers to Take Testimony in the matter of "Loss
Mitigation Insurance Products" (the "Loss Mitigation Order").  Federal states that the Loss
Mitigation Order speaks for itself and therefore denies the remaining allegations in paragraph
29 as stated.

30.     Federal admits that during the **Policy Period** the SEC issued a subpoena dated
November 17, 2004 to plaintiff that referred to the SEC Order.  Federal states that the
subpoena speaks for itself and therefore denies the remaining allegations in paragraph 30 as
stated.

31.     Federal admits that the New York Attorney General ("NYAG") issued a
subpoena dated November 18, 2004.  With respect to the remaining allegations in paragraph
31, Federal states that the NYAG subpoena speaks for itself and thus denies the remaining
allegations in paragraph 31 as stated.

32.     Federal admits that the SEC subsequently issued additional subpoenas
concerning the financial guarantee insurance that MBIA Inc. ("MBIA") provided on bonds
issued by the Delaware Valley Obligated Group of Allegheny Health, Education and
Research Foundation ("AHERF").  In addition, Federal admits that subsequent to the
issuance of these subpoenas the SEC informally sought information concerning Capital Asset
and US Airways.  Federal states that those subpoenas and informal information requests
speak for themselves and therefore denies the remaining allegation of paragraph 32 as stated.

33.     Federal admits that the Independent Consultant retained by MBIA
("Independent Consultant") pursuant to its settlements with the SEC and NYAG made

findings that appear to be consistent with the allegations in paragraph 33. Federal is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 33.

34.    Federal admits that the Independent Consultant made findings that appear to be consistent with the allegations in paragraph 34. Federal is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 34.

35.    With respect to the allegations in the first and second sentences of paragraph 35, Federal states that the settlements speak for themselves and therefore denies the allegations in the first and second sentences of paragraph 35 as stated. With respect to the allegations in the third sentence of paragraph 35, Federal admits that the Independent Consultant conducted an investigation that included Capital Asset and US Airways. Federal denies the remaining allegations of paragraph 35.

36.    With respect to the allegations in paragraph 36, Federal states that the Independent Consultant's final report speaks for itself and therefore denies the allegations in paragraph 36 as stated.

37.    Federal admits that certain of MBIA's shareholders filed lawsuits against MBIA and certain of its current and former directors and officers. Federal states that the complaints speak for themselves and therefore denies the remaining allegations of paragraph 37 as stated.

38.    Federal admits that certain of MBIA's shareholders filed lawsuits against MBIA and certain of its current and former directors and officers. Federal states that the complaints speak for themselves and therefore denies the remaining allegations of paragraph

38 as stated.

39.     Federal admits the allegations in paragraph 39.

40.     Federal admits that after the complaint had been dismissed in the In re MBIA Inc. Securities Litigation, No. 05-CV-03514 (S.D.N.Y) (the "Securities Litigation") and an appeal had been taken, plaintiffs in that action nonetheless demanded $30 million to settle the litigation.  Federal denies the remaining allegations of paragraph 40.

41.     Federal admits that two of MBIA's shareholders filed two separate derivative actions against MBIA and its directors and officers styled as Purvis v. Brown, No. 20099-05 (N.Y. Sup. Ct., Westchester Cty. Filed Nov. 9, 2005) and Orton v. Brown, No. 06-CV-3146 (S.D.N.Y.) (collectively, the "Derivative Litigation").  Federal states that the complaints in the Derivative Litigation speak for themselves and therefore denies the remaining allegations in paragraph 41 as stated.

42.     With respect to the allegations in paragraph 42, Federal admits that the special litigation committee filed reports in the Derivative Litigation and that the reports speak for themselves.  Federal also admits that the complaints in the Derivative Litigation were dismissed without payment by the defendants in the Derivative Litigation.  Federal denies the remaining allegations of paragraph 42.

43.     Federal states that it has engaged in discussions over coverage for various matters under the Policy for more than two years.  Federal further states that it made good-faith payments to plaintiff totaling $6.4 million for settlement purposes only and without prejudice to the rights of either party in connection with (i) the Securities Litigation; (ii) the Derivative Litigation; and (iii) the SEC's investigation involving the AHERF transactions.

Federal denies the remaining allegations in paragraph 43.

44.     With regard to the allegations in paragraph 44, Federal states that it has denied coverage for the NYAG investigation because the NYAG investigation does not constitute a **Securities Claim**.  Federal further states that it has denied coverage for the NYAG and SEC inquiries into Capital Asset and US Airways because they do not constitute **Securities Claims**.  Federal further states that it has denied coverage for the Independent Consultant's fees and related costs because they were not incurred in connection with a **Securities Claim**, because they do not give rise to **Loss** or **Securities Loss** under the Policy, and because plaintiff agreed not to seek reimbursement for such fees in the Assurance of Discontinuance it signed with the NYAG.  Federal also states that the Policy's $200,000 sublimit applies to the investigative costs incurred by plaintiff in connection with the derivative litigation and that it has denied coverage for investigation costs exceeding the sublimit.  ACE has stated that it agrees with Federal's coverage positions.  Federal denies the remaining allegations in paragraph 44.

45.     The allegations in paragraph 45 relate to a party other than Federal and therefore do not require a response.  To the extent a response is deemed to be required, Federal denies the allegations in paragraph 45.

46.     Federal denies the allegations in paragraph 46.

47.     With respect to the first sentence of paragraph 47, Federal states that the Policy does not provide coverage for the NYAG investigation because it does not meet the definition of **Securities Claim** because, among other things, the NYAG investigation was not a "formal or informal administrative or regulatory proceeding or inquiry commenced by the

filing of a . . . formal or informal investigative order or similar document . . . which, in whole or in part, is based upon arises from or is in consequence of the purchase or sale of, or offer to purchase or sell, any securities issued by the **Organization**." Federal denies the remaining allegations of paragraph 47.

48. With respect to the first sentence of paragraph 48, Federal states that the Policy does not provide coverage for the NYAG and SEC inquiries into Capital Asset and US Airways because they do not meet the definition of **Securities Claim** because, among other things, the inquiries were not commenced by a "formal or informal investigative order or similar document." Federal denies the remaining allegations in the first sentence of paragraph 48. With respect to the second sentence of paragraph 48, Federal states that the SEC's investigation into the AHERF transactions was commenced by a "formal or informal investigative order or similar document" and constitutes a **Securities Claim** under the Policy. Federal denies the remaining allegations in the second sentence of paragraph 48. Federal denies the allegations in the third and fourth sentences of paragraph 48. With respect to the fifth sentence of paragraph 48, Federal states that the Policy defines a **Securities Claim** to be any "formal or informal administrative or regulatory proceeding or inquiry commenced by the filing of a . . . formal or informal investigative order or similar document . . . which, in whole or in part, is based upon arises from or is in consequence of the purchase or sale of, or offer to purchase or sell, any securities issued by the Organization." Federal denies the remaining allegations in the fifth sentence and the allegations in the sixth sentence of paragraph 48.

49. With respect to the first sentence of paragraph 49, Federal admits that it has

denied coverage for the Independent Consultant's costs because they were not incurred in connection with a **Securities Claim**, because they do not constitute **Loss** or **Securities Loss**, and because the Assurance of Discontinuance that MBIA entered into with the NYAG required MBIA to retain and pay for the Independent Consultant and provided that "MBIA agrees that it shall not, collectively or individually, seek or accept, directly or indirectly, reimbursement or indemnification, including, but not limited to, payment made pursuant to any insurance policy, with regard to any or all of the amounts payable pursuant to this Assurance." Federal denies the remaining allegations of paragraph 49.

50.     With respect to the first sentence in paragraph 50, Federal states that plaintiff incurred Investigation Costs in connection with the shareholder derivative demand and ensuing litigation that is subject to a $200,000 sublimit under the Policy. Federal denies the remaining allegations in paragraph 50.

51.     The allegations in paragraph 51 relate to a party other than Federal and therefore do not require a response. To the extent a response is deemed to be required, Federal denies the allegations in paragraph 51.

52.     Federal denies the allegations in paragraph 52.

53.     With respect to the first sentence of paragraph 53, Federal states that it has paid all of MBIA's **Defenses Costs** in connection with the Securities Litigation and reserved its right to deny or limit coverage for the litigation under the Policy and at law. The allegations in the second sentence of paragraph 53 relate to a party other than Federal and therefore do not require a response. To the extent a response is deemed to be required, Federal admits the allegations in the second sentence of paragraph 53. Federal denies the

remaining allegations in paragraph 53 and denies that an actual and justiciable controversy presently exists with respect to any future payments that plaintiff incurs in connection with the Securities Litigation.

## FIRST CLAIM FOR RELIEF

54.     Federal hereby incorporates and adopts by reference each and every response made in this Answer to paragraphs 1 through 53.

55.     Federal denies the allegations in paragraph 55.

56.     Federal denies the allegations in paragraph 56.

57.     Federal denies the allegations in paragraph 57 and denies that plaintiff is entitled to any relief whatsoever.

## SECOND CLAIM FOR RELIEF

58.     Federal hereby incorporates and adopts by reference each and every response made in this Answer to paragraphs 1 through 53.

59.     Federal denies the allegations in paragraph 59.

60.     Federal denies the allegations in paragraph 60.

61.     Federal denies the allegations in paragraph 61 and denies that plaintiff is entitled to any relief whatsoever.

## THIRD CLAIM FOR RELIEF

62.     Federal hereby incorporates and adopts by reference each and every response made in this Answer to paragraphs 1 through 53.

63.     Federal admits that, pursuant to the terms and conditions of the Policy and applicable law, the Policy provides coverage for **Defense Costs** incurred in connection with

the derivative litigation.  Federal denies the remaining allegations of paragraph 63.

64.    Federal denies the allegations in paragraph 64.

65.    Federal denies the allegations in paragraph 65 and denies that plaintiff is entitled to any relief whatsoever.

## FOURTH CLAIM FOR RELIEF

66.    Federal hereby incorporates and adopts by reference each and every response made in this Answer to paragraphs 1 through 53.

67.    Federal admits that, pursuant to the terms and conditions of the Policy and applicable law, the Policy provides coverage for **Defense Costs** incurred in connection with the Securities Litigation.  Federal denies the remaining allegations of paragraph 67.

68.    Federal denies the allegations in the first sentence of paragraph 68.  With respect to the second sentence of paragraph 68, Federal admits that it has agreed to provide coverage for the Securities Litigation pursuant to a reservation of rights under the Policy and at law.  Federal denies the remaining allegations in the second sentence of paragraph 68.  The remainder of paragraph 68 is a legal conclusion to which no responsive pleading is necessary.  To the extent a response is deemed necessary, Federal admits that an actual and justiciable controversy presently exists concerning the scope of the Policy's coverage for costs and fees already incurred in the Securities Litigation but denies that an actual and justiciable controversy presently exists with respect to any future payments that plaintiff incurs in connection with the Securities Litigation and denies all other allegations in paragraph 68.

69.    Paragraph 69 states the nature of the suit and relief sought by plaintiff and therefore does not require a responsive pleading.  To the extent a responsive pleading is

deemed necessary, Federal denies the allegations in paragraph 69 and that plaintiff is entitled to any relief whatsoever.

70.     Federal denies each and every material allegation in the plaintiff's Complaint except those expressly admitted herein.

### FIRST DEFENSE

The Amended Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

The Amended Complaint fails to state a claim upon which relief can be granted because at the time the Amended Complaint was filed the parties had agreed to mediate their disputes and not to sue.

### THIRD DEFENSE

The Policy does not provide coverage for the SEC's inquiries concerning Capital Asset and US Airways, the NYAG investigations, and the Independent Consultant's investigation because they do not constitute **Securities Claims** and do not give rise to **Securities Loss** or **Loss** under the Policy.

### FOURTH DEFENSE

Plaintiff is barred from seeking coverage under the Policy for the Independent Consultant's investigation because the Assurance of Discontinuance that plaintiff entered into with the NYAG provides that "MBIA agrees that it shall not, collectively or individually, seek or accept, directly or indirectly, reimbursement or indemnification, including, but not limited to, payment made pursuant to any insurance policy, with regard to any or all of the amounts payable pursuant to this Assurance."

**FIFTH DEFENSE**

The Policy does not provide coverage for any investigative costs incurred by plaintiff in connection with the derivative demands and Derivative Litigation in excess of the $200,000 sublimit.

**SIXTH DEFENSE**

The Policy does not provide coverage to the extent that a **Claim** or a **Securities Claim** is "based upon, arising from, or in consequence of any deliberately fraudulent act or omission or any willful violation of any statute or regulation by any past, present or future chief financial officer, President or Chairman, if a final adjudication adverse to the **Organization** establishes such a deliberately fraudulent act or omission or willful violation."

**SEVENTH DEFENSE**

The Policy does not provide coverage to the extent that a **Claim** or a **Securities Claim** is based upon, arises from, or is in consequence of any **Organization** having gained in fact, if established by an independent finding of fact, any profit or advantage to which it was not legally entitled.

**EIGHTH DEFENSE**

The Amended Complaint is subject to dismissal to the extent that it seeks coverage for sums that plaintiff may become obligated to pay in connection with the submitted matters because it is premature and unripe, and because there is no actual or justiciable case or controversy with respect to such sums.

### NINTH DEFENSE

The Policy does not provide coverage for any amounts paid in settlement to the SEC or NYAG because they do not constitute **Securities Loss** or **Loss** under the Policy and are uninsurable as a matter of public policy.

### TENTH DEFENSE

The claims in the Amended Complaint are barred to the extent that plaintiff has not complied with any conditions in or materially breached any of the terms of the Policy.

### ELEVENTH DEFENSE

Federal is not liable for any amounts in excess of the Policy's limits of liability.

### TWELFTH DEFENSE

Federal is not liable for any settlement, **Defense Costs**, assumed obligation or admission to which it has not consented.

### THIRTEENTH DEFENSE

The Policy is subject to and limited by all of its terms, conditions, definitions, limits of liability, retentions, and exclusions that operate to bar or limit coverage for some or all of the amounts for which plaintiff seeks coverage.  Federal reserves the right to raise affirmatively other terms, conditions, definitions, and exclusions in the Policy as defense to coverage as appropriate.

WHEREFORE, having fully responded to the Amended Complaint, Federal respectfully requests that the Amended Complaint be dismissed, that the Court enter judgment in favor of Federal, that Federal be awarded its costs and attorneys' fees, and that the Court grant such other and further relief as it may deem appropriate under the circumstances.

Dated: New York, New York
      July 7, 2008

Respectfully submitted,

HOGAN & HARTSON L.L.P.

By: s/ _____
Frank T. Spano (FS-1193)
875 Third Avenue
New York, NY  10022
(212) 918-3000 (Telephone)
(212) 918-3100 (Facsimile)

Attorneys for Federal Insurance Company

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                  :
MBIA INC.,                              : Case No. 08 CIV 4313 (RMB) (DFE)
                                                  :
                          Plaintiff,       :
                                                  :
            – against –                 :
                                                  :
FEDERAL INSURANCE COMPANY and    :
ACE AMERICAN INSURANCE COMPANY,  :
                                                  :
                          Defendants.   :
                                                  :
------------------------------------------------------------x

## AFFIDAVIT OF SERVICE

Marie Ferrara, being duly sworn, deposes and says that she resides in the

State of New Jersey, is employed by Hogan & Hartson LLP, is over the age of

eighteen years and is not a party to this action.

On the 7th day of July, 2008, deponent served a true copies of **Federal**

**Insurance Company's Answer To Amended Complaint** upon:

                  Robert H. Shulman
                  Christine S. Davis
                  Lara Degenhart
                  Robert F. Ruyak
                  Robert P. Jacobs
                  HOWREY SIMON ARNOLD & WHITE L.L.P.
                  1299 Pennsylvania Avenue N.W.
                  Washington D.C. 20004

by depositing true copies of the same, enclosed in a postpaid properly addressed

wrapper, in an official depository under the exclusive care and custody of the U.S.

Postal Service within the State of New York.

_Marie Ferrara_
MARIE FERRARA

Sworn to before me this
7th day of July, 2008.

_Ellen Schiliro_
Notary Public

ELLEN SCHILIRO
Notary Public, State of New York
NO. 01SC4951455
Qualified in Westchester County
Cert. Filed in New York County
Commission Expires May 22, 20__